**In re Andres MUSTELIER, Debtor.**

**Bankruptcy No. 85–01147–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

July 30, 1986.

**60**

Edward Bergholm, Jr., Miami, Fla., for debtor.

William Roemelmeyer, Miami, Fla., trustee.

### ORDER DENYING TRUSTEE'S MOTION TO FILE CLAIM ON BEHALF OF CREDITOR

THOMAS C. BRITTON, Chief Judge.

The trustee's motion (C.P. No. 22) to file a claim on behalf of Avis, who failed to file a claim before the bar date, in order that Avis may receive a distribution from what would otherwise be surplus funds in this estate, is made under 11 U.S.C. § 501(c).

Although the statute merely provides:

If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim,

it is very clear from the legislative history that:

The purpose of permitting the debtor or the trustee to file is to protect the debtor in those situations in which the creditor's claim is nondischargeable. This is because the debtor, after receiving a discharge, still remains liable for the nondischargeable debts owed to creditors who did not participate in the distribution prior to the closing of the debtor's case. Since there would be no distribution on the claim of a creditor who does not file a proof of claim, the debtor would have a greater debt to repay after the closing of the case than if the claim were paid in part or in full in the case or under the plan. *Collier on Bankruptcy* ¶ 501.03 nn. 2, 3, and 4 (15th ed. 1985).

The claim involved in this application is dischargeable. The purpose of the trustee's motion is:

in order to maximize movant's fee and expedite the administration of this estate.

The effect of the trustee's motion is inconsistent with the purpose of § 501(c). The motion must, therefore, be denied. Notice was given to all creditors who did not file claims that there is a surplus and they were given an opportunity to file claims. The surplus continues to exist after the creditors have been given a second opportunity and, therefore, the surplus must be returned to the debtor.