EASTERBROOK, Circuit Judge.
 

 Section 501(c) of the Bankruptcy Code provides: “If a creditor does not timely file a proof of such creditor’s claim, the debtor or trustee may file a proof of such claim.” Why would a debtor want to help a nodding creditor collect? Some debts are not discharged in bankruptcy, but they may be satisfied in whole or in part with assets of the estate. A debtor then files a claim on behalf of the creditor, who receives assets that dimmish the debtor’s post-bankruptcy obligations. Other creditors, whose debts will be discharged, suffer.
 

 Federal taxes due on returns that were filed (or should have been filed) within the three years before bankruptcy are entitled to the seventh priority. 11 U.S.C. § 507(a)(7)(A)(i). Taxes payable during the bankruptcy are entitled to first priority. 11 U.S.C. § 507(a)(1), in connection with § 503(b)(l)(B)(i). If these taxes are not paid, the debt passes through the bankruptcy and remains collectible “whether or not a claim for such tax was filed or allowed.” 11 U.S.C. §§ 523(a)(1)(A), 727(b). Unless the IRS files a claim, or the debtor files on its behalf, other creditors get the existing assets, leaving the debtor to pay back taxes from his post-bankruptcy assets and income. That prospect is staring John Dan-ielson in the face. The IRS did not file a claim, even though Danielson listed his taxes as debts of the estate. Danielson would like to divert some of the assets in his bankruptcy estate from other creditors to the IRS, satisfying part of his tax obligations and reducing the amount he must pay later. The bankruptcy and district
 
 *298
 
 judges concluded that the claim Danielson filed on behalf of the IRS was untimely. The plan of distribution has been approved and the bankruptcy closed, so this is a final decision and we have jurisdiction under 28 U.S.C. § 158(d).
 

 Section 501(c) does not say when the debtor or trustee may file. Bankruptcy Rule 3004 fills the gap. Under this rule “the debtor or trustee may [file a proof of claim] within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable.” Rule 3002 applies to Chapter 7 cases such as Danielson’s. Rule 3002(c) gives creditors 90 days after the first date set for a meeting of creditors, unless the trustee sent a notice of insufficient assets to pay a dividend. Such a notice was sent in Danielson’s case, but the trustee later discovered assets that would permit payment. This activated Rule 3002(c)(5): “If notice of insufficient assets to pay a dividend was given to creditors ... and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claims within 90 days after the mailing of the notice.” The clerk sent such a notice; the deadline was October 11, 1988. Under Rule 5003(b) the clerk maintains a list of claims filed. Rule 3004 gives the debtor 30 days (here until November 10, 1988) to inspect the list and file proofs of claims on behalf of any creditors that did not submit their own. Danielson submitted a proof of claim on behalf of the IRS on March 22, 1989, long after the expiration of the time provided by Rule 3004.
 

 Rule 9006(b)(1) provides for enlargement of time on motion within the time originally prescribed (Danielson did not file such a motion) or on later motion “where the failure to act was the result of excusable neglect.”
 
 In re Davis,
 
 936 F.2d 771 (4th Cir.1991), holds, in circumstances identical to Danielson’s, that failure to consult the clerk’s list of claims is not “excusable” neglect. Inattention to the case, unwarranted assumptions about what creditors will do, and the like are common. Treating them as “excusable” neglect would destroy the timing rules by converting every delay into its own reason for an extension. “Excusable neglect” is a common term in rules of procedure, and we regularly hold that sloth, ignorance, and other negligence does not qualify. E.g.,
 
 United States v. Dumont,
 
 936 F.2d 292, 295 (7th Cir.1991);
 
 Lorenzen v. Employees Retirement Plan,
 
 896 F.2d 228, 232 (7th Cir.1990);
 
 Redfield v. Continental Casualty Corp.,
 
 818 F.2d 596, 602 (7th Cir.1987).
 

 Danielson contends that Rule 3004 is inconsistent with § 501(c), but we cannot see how. The statute permits debtors and trustees to file proofs of claims on behalf of creditors but does not say when. Rules of procedure fill in such details. Rule 3004 is authorized by the Rules Enabling Act. 28 U.S.C. § 2075. Although Danielson believes that the use of “may” in Rule 3004 implies that the 30 days are not an outer limit, a construction such as “may file within 30 days” sets an enforceable limit. The drafters chose “may” rather than “must” to avoid any implication that a debtor
 
 must
 
 file a proof of claim on behalf of a creditor. “May file within ...” means that the person need not file, but must act within the time specified if he elects to file. Otherwise Rule 9006, regulating extensions, would be pointless.
 

 As a final gasp, Danielson contends that courts may disregard Rule 3004 in the exercise of equitable discretion. He does not reckon with
 
 Taylor v. Freeland & Kronz,
 
 — U.S. -, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), which holds that time limits in the Bankruptcy Code must be enforced. Courts have no standby power to excuse violations of statutes and rules. Section 105(a) of the Code, 11 U.S.C. § 105(a), does permit courts to enforce the rules and “prevent an abuse of process.”
 
 Taylor
 
 reserves the question whether this statute implies authority to extend deadlines or ameliorate the consequences of missing them.
 
 Id.
 
 at -, 112 S.Ct. at 1649. See also
 
 In re Unroe,
 
 937 F.2d 346, 349-50 (7th Cir.1991). Whatever power § 105(a) creates, it reposes in bankruptcy judges rather than appellate courts and
 
 *299
 
 does not upset the norm of timeliness. Cf.
 
 In re Stavriotis,
 
 977 F.2d 1202 (7th Cir.1992). Judge Coar, who presided in this case, saw no reason to excuse Danielson’s delay. Enforcing the Bankruptcy Rules according to their terms cannot be an abuse of discretion.
 

 Affirmed.