**In re Joseph JOHNSON and Bobbie J. Hill–Johnson, Debtors.**

**Bankruptcy No. 91 B 16374.**

United States Bankruptcy Court, N.D. Illinois, E.D.

June 1, 1993.

Larry Mims, Chicago, IL, for debtor.

Van Emden, Busch and Van Emden, Chicago, IL, for creditor.

Monette Cope, Office of Jack McCullough, Chicago, IL, standing trustee.

## MEMORANDUM DECISION

SUSAN PIERSON SONDERBY, Bankruptcy Judge.

This matter comes before the Court on the Trustee's objection to the unsecured claim of American Ambassador Casualty Company. The Court sustains the Trustee's objection and disallows American Am-

bassador Casualty Company's claim because it was not timely filed.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. Section 157(b)(2)(A), (B) and (O).

## BACKGROUND

Sometime in June 1989, Joseph Johnson was involved in an automobile accident with Denise Cohn. At the time of the accident, Ms. Cohn was insured by American Ambassador Casualty Company ("Ambassador"). Ambassador became subrogated to the rights of Ms. Cohn and asserted a claim against Mr. Johnson. In September 1989, Mr. Johnson responded to a letter from Ambassador and acknowledged the accident but denied liability.

Two years later, on August 1, 1991, Mr. Johnson and his wife ("Debtors") filed a joint petition under Chapter 13 of the Bankruptcy Code. In their schedule of debts, the Debtors listed Ms. Cohn as an unsecured creditor in the amount of $3,375. Ms. Cohn, however, never filed a proof of claim. The Court confirmed a plan which provided for 25% payment of the allowed unsecured claims.

Ambassador obtained a judgment against Mr. Johnson in the amount of $3,128 on June 29, 1992. Upon attempting to garnish Mr. Johnson's wages, Ambassador learned of the bankruptcy. On October 2, 1992, Ambassador filed a proof of claim

for $3,128. The Trustee objected to the claim as untimely. Ambassador argues it never received notice of the underlying bankruptcy until September 25, 1992 and to disallow its claim would be inequitable and unfair.

## DISCUSSION

 The issue is whether a creditor's untimely or tardily filed proof of claim should be allowed in a Chapter 13 case. When a proof of claim may be filed and whether a filed proof of claim will be deemed allowed are two distinct issues governed by separate provisions of the Code. Section 501 [1] governs the filing of proofs of claim and Section 502 [2] governs the allowance of those filed claims. Although Sections 501 and 502 are distinct and independent, these two sections work conjunctively with the Federal Rules of Bankruptcy Procedure to define the claims "allowed" and thus subject to payment from the estate.

When a debtor files a petition under Title 11 an estate is created against which a universe of claims pend. Section 501 narrows this universe of claims by providing who may file a proof of claim and Section 502 provides the mechanism for allowing those filed claims. The interaction between these two sections is expressed in the text of Section 502 which provides "that a claim or interest, *proof of which is filed under Section 501 of this title, is deemed allowed.*" 11 U.S.C. § 502(a) (emphasis added). The literal language of Section 502 substantively allows a claim but only to the extent that it is filed in compliance with Section 501. This matter in-

---

1. Section 501 provides:

 (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.

 (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.

 (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

 (d) A claim of a kind specified in section 502(e)(2), 502(f), 502(g), 502(h) or 502(i) of this title may be filed under subsection (a),

 (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition.

 11 U.S.C. § 501.

2. Section 502 provides in pertinent part:

 A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

 11 U.S.C. § 502(a).

volves the filing of a proof of claim, and thus is governed by Section 501.

Although Section 501 establishes who may file a proof of claim, it fails to enumerate time limitations or procedures for filing proofs of claim. According to the legislative history, the Rules of Bankruptcy Procedure are to address those issues. *See* H.R.Rep No. 595, 95th Cong., 1st Sess., 351 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6307; S.Rep. No. 989, 95th Cong., 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5847 (rules of bankruptcy procedure are to guide creditors as to when filing would be necessary). The applicable rule is Federal Rule of Bankruptcy Procedure 3002 which provides in pertinent part:

> (a) **Necessity for Filing.** An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed, except as provided in Rules 1019(3), 3003, 3004 and 3005.

> \* \* \* \* \* \*

> (c) **Time for Filing.** In a chapter 7 liquidation or a chapter 13 individual debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to Section 341(a) of the Code, ....

Fed.R.Bankr.P. 3002(a) and (c). The text of the Rule requires the filing of a proof of claim within the prescribed period as a prerequisite to allowance. Thus, Rule 3002 gives effect to Section 501 as a procedural limitation to filing. It is this procedural limitation which narrows the universe of claims to an identifiable set of claims recognized by Section 502 as "allowed" against the estate.

Interpreting Rule 3002 as a time bar is consistent with the Seventh Circuit's reasoning as set forth in *In re Danielson*, 981 F.2d 296 (7th Cir.1992). In *Danielson*, the Seventh Circuit considered Rule 3004 which

contains a 30 day requirement for the filing of proofs of claim by the debtor or trustee on behalf of creditors. That Rule provides in relevant part:

> If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to Section 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable....

Fed.R.Bankr.P 3004. The *Danielson* court construed Rule 3004 as establishing a time bar for filing such proofs of claim by interpreting the permissive term "may" as giving the debtor or trustee the option of filing a proof of claim; however, the Court concluded that a debtor or trustee wanting to file a proof of claim on behalf of a creditor "must" do so within the time specified. *Id.* at 298.

Like Rule 3004, Rule 3002 establishes a time period for filing proofs of claim under Section 501. The rules differ in that the time period established in Rule 3002 applies only to a creditor while the time period established in Rule 3004 applies to filings made by a debtor or trustee on behalf of a creditor. Another difference is in the language used. Notably, Rule 3002 is much less lenient in prescribing the applicable time period within which a creditor must file a proof of claim by expressly providing that any such proof of claim "*shall* be filed within 90 days ..." Fed.R.Bankr.P. 3002(c). Rule 3004, on the other hand, uses more permissive language in defining the applicable time period within which a debtor or trustee must file by expressly providing that any such proof of claim "may" be filed within 30 days. Fed.R.Bankr.P. 3004. Because the *Danielson* court construed Rule 3004 as establishing a time bar and because the language of Rule 3002 is less permissive, the Court feels compelled to interpret Rule 3002 similarly.[3]

---

**3.** The Court also notes that prior to the *Danielson* decision, the Seventh Circuit had previously recognized that a creditor must file a proof of claim within 90 days for said claim to be timely in *In re Unroe*, 937 F.2d 346 (7th Cir.1991). Although not specifically addressing the issue of whether a claim was disallowed for untimeliness, the Court of Appeals noted that late-filed proofs of claim disrupt the orderly discharge of debts, and thus should generally be barred. *Id.* at 351. The *Danielson* and *Unroe* decisions treat untime-

Recently, a Minnesota bankruptcy court addressed the issue of tardily filed proofs of claim in a Chapter 13 context and held untimeliness was not a basis for disallowing such claims. *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn.1992). The *Hausladen* court's reasoning has engendered similar holdings from courts addressing the issue in a Chapter 13 and Chapter 7 context. *See, e.g., In re Judkins*, 151 B.R. 553 (Bankr.D.Colo.1993) (recognizing that Rule 3002(c) is not a bar to allowing claims in a Chapter 13 case); *In re Rago*, 149 B.R. 882 (Bankr.N.D.Ill.1992) (recognizing that Rule 3002(c) is not a bar to allowing claims in a Chapter 7 case).

Beginning with the Bankruptcy Act and ending with Section 726, the *Hausladen* court carefully links several arguments to support its conclusion that untimely or tardily filed proofs of claim should be allowed in a Chapter 13 case. The *Hausladen* court's reasoning, however, is premised upon a single misconception—that Rule 3002's time bar conflicts with the provisions of Section 502 in a Chapter 13 context. The Court respectfully declines to follow the *Hausladen* reasoning for several reasons.

The *Hausladen* court's reasoning is that under the Bankruptcy Act, untimely or tardily filed proofs of claim were expressly not allowed pursuant to Section 57n which provided "claims which are not filed within six months after the first date set for the first meeting of the creditors *shall not be allowed* ..." 11 U.S.C. Section 93(n) (repealed Oct. 1, 1979) (emphasis added).[4] Like the statute, the Act's applicable rules of procedure also expressly required the timely filing of proofs of claim for allowance.[5] Under the present Code, however,

Section 502 governs the disallowance of claims and contains no similar provision "not allowing" untimely or tardily filed proofs of claim. Yet, Rule 3002 contains an express time period within which proofs of claim must be filed which is similar to the former Rule 13–302. The *Hausladen* court maintains that the drafters of Fed. R.Bankr.P. 3002 hastily copied the substance of the old Act Rule 13–302 while ignoring a major change in the underlying statute, specifically the omission of language that untimely filed claims "shall not be allowed." *Hausladen*, 146 B.R. at 559. According to the *Hausladen* court, therefore, the current practice of disallowing late filed claims is the direct result of carrying over pre-code law into present practice which was not Congress' express intent. The *Hausladen* court misinterprets the interplay of the Code provisions and Rules of Bankruptcy Procedure.

■ Namely, Congress, in revising and modernizing the bankruptcy law, removed and left to the Rules of Bankruptcy Procedure nearly all procedural matters formerly incorporated in the Act. H.R.Rep. No. 595, 95th Cong., 1st See. 449 (1977), reprinted in 1978 U.S.Code Cong. & Admin.News 5963, 6405. Thus, Rule 3002(c) eliminates the need for Code language specifically excluding untimely or tardily filed proofs of claim. Consequently, the difference between Section 57n of the Bankruptcy Act and Code Section 502(b), by itself, lends no support for the *Hausladen* court's conclusion that Congress abandoned the "bar date" concept. It is this misunderstanding of Rule 3002's purpose that leads the *Hausladen* court to conclude that a conflict exists between Rule 3002 and Section 502.

---

ly filed proofs of claim as not allowed and absent a clear directive from the Court of Appeals to the contrary, so will this Court.

**4.** 11 U.S.C. § 93 is the formerly official citation to the session law commonly referred to as Section 57.

**5.** Rule 13–302 provided in pertinent part:

(a) *Manner of Filing.*—In order for his claim to be allowed, every creditor, including the

United States, any state, or any subdivision thereof, must file a proof of claim in accordance with this rule, ...

　*　 *　 *　 *　 *　 *

(e) *Time for Filing* ....
　(2) Unsecured Claims. Unsecured claims, whether or not listed in the Chapter XIII Statement, must be filed within 6 months after the first date set for the first meeting of creditors in the Chapter XIII case, ...
R.Bankr.P. 13–302(a) and (e)(2) (repealed).

The *Hausladen* court stated that a claim is deemed allowed unless an objection is made, and if an objection is made, the court shall allow the claim except to the extent that the objection fits into one of eight specific categories, none of which includes untimeliness. 146 B.R. at 559. According to the *Hausladen* court, bankruptcy courts incorrectly disallow untimely or tardily filed claims which, as noted, is not a reason for disallowance.[6] Thus, the *Hausladen* court concludes that disallowing a filed proof of claim claim because of untimeliness conflicts with the express provisions of Section 502(b) for disallowing claims.

The *Hausladen* court perceives a conflict where none exists by confusing a proof of claim not allowed pursuant to Section 501 and a claim disallowed pursuant to Section 502. Completely overlooked by the *Hausladen* court is the fact that Rule 3002 gives effect to Section 501 by creating a procedural bar to filing. As noted above, Congress intended the rules of procedure to establish the time for filing a proof of claim under Section 501. The *Hausladen* court's failure to recognize Section 501 as a procedural limitation for filing proofs of claim and Section 502 as a substantive limitation for allowing timely filed claims severely undermines the allowance of untimely or tardily filed claims in a Chapter 13 context.[7]

The *Hausladen* court makes one final effort to resurrect a perceived conflict between the Code provisions and the Rules of Procedure by pointing to Section 726. *Hausladen*, 146 B.R. at 560. That section governs the distribution of property in Chapter 7 and expressly provides for the payment of tardily filed claims. Because not allowing untimely or tardily filed claims in a Chapter 7 conflicts with the express provisions of Section 726, the *Hausladen* court contends that Section 726 illustrates that the timeliness of a claim is relevant only for purposes of treatment, not allowance. Consequently, the *Hausladen* court concludes that courts should allow untimely or tardily filed claims, and then look to the Chapter 13 plan to determine the treatment of such claims. Although the *Hausladen* court's observation may have some merit in a Chapter 7 context,[8] it falls far short of recognizing a similar conflict in a Chapter 13 context because Chapter 13 plans do not incorporate the distribution scheme recognized in liquidations.

The distribution scheme in liquidations is to ensure all parties have an opportunity to collect from limited assets. A plan of reorganization in Chapter 13 cases is the voluntary payment by debtors of obligations over a period of time from current and future assets. *See In re Casper*, 153 B.R. 544 (Bankr.N.D.Ill.1993).

---

**6.** This Court notes that numerous courts have treated and continue to treat Rule 3002 as a time bar, and thus do not allow untimely filed claims. *See, e.g., In re Bailey,* 151 B.R. 28 (Bankr.S.D.N.Y.1993) (rule 3002 operates as a bar date); *In re Duarte,* 146 B.R. 958 (Bankr. W.D.Tex.1992) (rule 3002(c) operates as a statute of limitations); *In re Glow,* 111 B.R. 209 (Bankr.N.D.Ind.1990) (tardily filed claim in a Chapter 13 case is not allowable); *see In re Hausladen,* 146 B.R. 557, 561 n. 6 (Bankr. D.Minn.1992) for compilation of cases construing 3002 as a time bar; *see also In re William J. Stoecker,* 151 B.R. 989 (Bankr.N.D.Ill.1993) (an untimely filed proof of claim in a Chapter 7 case disallowed pursuant to Section 502(b)(1) by giving Rule 3002(c) effect as a statute of limitation).

**7.** Applying the *Hausladen* reasoning in this Circuit would discriminate among untimely filed claims depending on the party filing such claim. According to *Hausladen,* a creditor's untimely or tardily filed claim should be allowed. As previously explained, the Seventh Circuit in the *Danielson* decision held that the time limits of Fed.R.Bankr.P. 3004 require a debtor or trustee to file a proof of claim within the time prescribed. Thus, if this Court were to apply the *Hausladen* reasoning in light of the *Danielson* decision only those proofs of claim filed by creditors could be filed after the claims bar date and those filed by the debtor or trustee could not. There is no justification for such differing treatment in a Chapter 13.

**8.** The *Rago* court expanded upon the *Hausladen* court's observation and held that disallowing tardily filed claims in a Chapter 7 case creates a conflict between the Code and Rules. *In re Rago,* 149 B.R. 882 (Bankr.N.D.Ill.1992). The *Stoecker* court, however, declined to follow *Rago* reasoning in a similar Chapter 7 context. *In re Stoecker,* 151 B.R. 989 (Bankr.N.D.Ill. 1993).

**562**

The dissimilarity between the Chapters is further demonstrated by the discharge provisions. Unlike a discharge in Chapter 7, a discharge under Chapter 13 is much narrower in scope by discharging only those claims provided for in the plan or disallowed pursuant to Section 502. 11 U.S.C. § 1328(a). Thus, Chapter 13 places a heavy burden upon a debtor to account and provide for the treatment of his or her creditors' claims under a plan of reorganization—a treatment which is automatically provided for in liquidations pursuant to Section 726. Because of the dissimilarities between reorganizations and liquidations, including their respective goals, this Court sees no reason to impart a purported conflict between the Rules and Section 726 into Chapter 13 reorganizations.

Based on the foregoing, the Court finds the *Hausladen* court's reasoning unpersuasive. In this case, Ambassador's right to collect its judgment has not been prejudiced because the Court will not allow Ambassador's tardily filed claim. This claim will not be discharged because Ambassador's claim was neither provided for by the plan nor disallowed pursuant to Section 502. *See* 11 U.S.C. § 1328(a). If a debtor intends in all honesty to pay his or her creditors then that debtor bears some responsibility for ensuring that those claims are filed.

The plain language of the Code provisions and Rules of Bankruptcy Procedure as well as the Seventh Circuit case law requires this Court to not allow untimely or tardily filed claims in a Chapter 13 context. Consequently, Ambassador's tardily filed claim is not allowed.

### CONCLUSION

The Court will sustain the Trustee's objection to Ambassador's tardily filed claim. Ambassador's claim is not allowed and the Trustee is to make no payment to this creditor based on that claim.