In re Gerald T. BYRNE and Ruth M. Byrne, Debtors.

**Bankruptcy No. 91–33469–7.**

United States Bankruptcy Court, W.D. Wisconsin.

Nov. 30, 1993.

Harry J. O'Leary, O'Leary Law Office, Janesville, WI, for debtors.

Peter M. Gennrich, Jenswold, Studt, Hanson, Clark & Kaufmann, Madison, WI, Trustee.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

The facts in this case are not disputed. On April 10, 1991, Gerald T. and Ruth M. Byrne ("debtors") entered into a cash control agreement with the Rock County Bank which restricted the debtors' ability to make payroll tax payments. On October 8, 1991, the debtors filed federal payroll tax form 941 for the third quarter of 1991, enclosed a letter from O'Leary Law Offices to the Internal Revenue Service ("IRS") advising of the debtors' anticipated Chapter 7 bankruptcy, and requested that the IRS file a proof of claim. On October 21, 1991, debtors' federal unemployment tax form 940 was sent to the IRS with a cover letter advising the IRS of the impending bankruptcy and requesting that a claim be filed with this court.

On October 22, 1991, the debtors filed their Chapter 7 bankruptcy petition. The debtors' schedules listed the federal payroll and unemployment taxes as unsecured priority claims. Notice of the bankruptcy was sent to the IRS.

On December 9, 1991, the IRS requested payment from the debtors for $2,383.82, including penalties and interest of $257.82. On December 15, 1991, debtors' attorney replied to the IRS advising them again of the bankruptcy and suggesting that a proof of claim be filed. On February 23, 1992, when the 90–day period for filing claims expired, the IRS had not filed a claim. On May 18, 1992, the IRS sent notice of an intent to levy on the debtors' property.

The debtors bring this motion to compel the trustee to pay the taxes. In order to reach the merits, I will construe the motion as an informal proof of claim. *In re Charter Co.,* 876 F.2d 861 (11th Cir.1989); *In re Smith,* 100 B.R. 289 (Bankr.D.S.C.1988).

■ Bankruptcy Code § 501(c) provides that "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." The reasons a debtor would file a claim on behalf of the creditor may vary, but the effect of paying a debtor-filed claim is to reduce funds available to other creditors.

An allowed claim for federal taxes would be entitled to the seventh priority. 11 U.S.C. § 507(a)(7). If the taxes are not paid by the trustee, the IRS debt will pass through the bankruptcy and remain collectible from the debtors. 11 U.S.C. §§ 523(a)(1), 727(b). The debtors would like to assure that some of their bankruptcy estate assets are applied to the IRS debt, so their post bankruptcy liability to the IRS is reduced.

Bankruptcy Code § 501(c) does not specify when a debtor or trustee may file a claim on behalf of a creditor. However, Bankruptcy Rule 3004 states that:

> If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable.

In this case the rule sets March 25, 1992, as the date by which the debtors must file a claim. The debtors missed that date. Prior to the present motion, neither the debtors nor the IRS had submitted a proof of claim on behalf of the IRS.

Bankruptcy Rule 9006(b) governs time extensions, including extra time to file a proof of claim. It states:

**(b) Enlargement.**

**(1) In General.** Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

**(2) Enlargement Not Permitted.** The court may not enlarge the time for taking action under Rules 1007(d), 1017(b)(3), 2003(a) and (d), 7052, 9023, and 9024.

**(3) Enlargement Limited.** The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

■ Pursuant to Bankruptcy Rule 9006(b)(1), the court has discretion to enlarge the period in which a claim can be filed, subject to the constraints in 9006(b)(2) and (3). Bankruptcy Rule 9006(b)(3) has been held to make absolute the deadline for claims filed under Bankruptcy Rule 3002 in Chapter 7 cases.[1] However, Bankruptcy Rule 9006(b)(3) does not include Bankruptcy Rule 3004 in the list of rules to which it applies. Therefore, the time within which a debtor may file a claim on behalf of a creditor may be extended if "excusable neglect" is shown.

■ The Supreme Court in *Pioneer Investment Services v. Brunswick Assoc.,* — U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), suggests that the "excusable neglect" standard would not apply to *any* Chapter 7 or 13 case. The Supreme Court states:

> The "excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases. The Rule's differentiation between Chapter 7 and Chapter 11 filings corresponds with the different policies of the two chapters. Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors. *See United States v. Whiting Pools, Inc.,* 462 U.S. 198, 203, 103 S.Ct. 2309, 2312–2313, 76 L.Ed.2d 515 (1983).

*Id.,* —— U.S. at ——, 113 S.Ct. at 1495. In a footnote, the court added:

> Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c). *See* Rule 9006(b)(3); *In re Coastal Alaska Lines, Inc.,* 920 F.2d 1428, 1432 (9th Cir.1990).

*Id.,* —— U.S. at —— n. 4, 113 S.Ct. at 1495 n. 4.

The Supreme Court's analysis considers only claims in Chapter 7 under Bankruptcy Rule 3002. "Excusable neglect" does not apply to any Chapter 7 or Chapter 13 bankruptcy, when Rule 3002(c) is made exclusive by the language of Rule 9006(b)(3). However, when the Chapter 7 claim is made pursuant to Bankruptcy Rule 3004, as in the present case, Rule 9006(b)(1) seems to make the "excusable neglect" standard applicable.

■ Alternatively, it might be reasoned that the Supreme Court in *Pioneer* sought to limit the holding to Chapter 11 because a different standard for "excusable neglect" would exist in Chapter 7 and 13. Presumably the different standard would be found in cases decided prior to *Pioneer* which interpret "excusable neglect." The case of *Matter of Danielson,* 981 F.2d 296 (7th Cir.1992) would supply the precedent in the Seventh Circuit. In *Danielson,* the debtor wanted to file a late claim for the IRS pursuant to Rule 3004 and moved for allowance of this claim under Rule 9006. The court found no "excusable neglect," stating:

> [F]ailure to consult the clerk's list of claims is not "excusable" neglect. Inattention to the case, unwarranted assumptions about what creditors will do, and the like are common. Treating them as "excusable" neglect would destroy the timing rules by converting every delay into its own reason for an extension. "Excusable neglect" is a common term in rules of procedure, and we regularly hold that sloth, ignorance, and other negligence does not qualify. (Citations omitted).

*In re Danielson,* 981 F.2d 296, 298 (7th Cir.1992).

Under *Danielson* the neglect would be "excusable" only if the delay was due to some-

---

**1.** *Pioneer Investment Services v. Brunswick Assoc.,* — U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

thing that was not within the sole control of the debtor or the debtor's attorney. *Id.* However, I am not convinced that the Supreme Court sought to recognize and preserve two different meanings of the phrase "excusable neglect." Rather, the standard articulated in *Pioneer* must be observed wherever it applies under the clear language of the Bankruptcy Code and Rules.

The Supreme Court in *Pioneer* expanded the concept of "excusable neglect" by stating that "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Id.,* —— U.S. at ——, 113 S.Ct. at 1495. *Pioneer* departs from prior cases under Rule 9006(b)(1), which allowed late claims only if intervening circumstances beyond the party's control caused the late filing. *See In re South Atlantic Financial Corp.,* 767 F.2d 814, 817 (11th Cir.1985), *cert. denied sub nom. Biscayne 21 Condominium Associates, Inc. v. South Atlantic Financial Corp.,* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986).

The Supreme Court analyzed all relevant circumstances surrounding the party's omission and considered the following factors to determine whether an extension should be granted:

1.  The danger of prejudice to the debtor;
2.  The length of delay and the potential impact on judicial proceedings;
3.  The reason for the delay, including whether it was within the reasonable control of the movant; and
4.  Whether the movant acted in good faith.

Applying the four part test endorsed by the Supreme Court to the facts of the present case yields the following analysis:

Prejudice to the debtor. The debtors will be prejudiced since the IRS debt will pass through the bankruptcy without discharge. If the claim is not allowed, the IRS will not receive payments from the estate and the balance due after the bankruptcy will be higher than if the claim is partially satisfied by the distribution of the bankruptcy estate.

The discussion of this standard in *Pioneer* suggests that the Supreme Court may have contemplated the prejudice to all interested parties other than the claimant, including other creditors. But, since the Supreme Court ruled specifically that the factor to consider is prejudice to the debtor, it is only the debtor's prejudice which will be considered here. Surely this debtor will be prejudiced if the claim is not treated as timely filed.

Length of the delay. The motion by the debtors to compel the trustee to pay taxes was filed June 14, 1993. Claims filed by creditors were due on February 23, 1992. The debtors had until March 25, 1992 to file a claim on behalf of the IRS pursuant to Bankruptcy Rule 3004. The debtors' informal proof of claim on behalf of the IRS was one year two months and twenty days late, substantial compared to the 20 day tardiness in *Pioneer.* However, since the trustee has not concluded the estate administration and no distribution has been delayed, the potential impact upon the judicial proceedings appears to be minimal.

Reason for the delay. The reason for the delay was the debtors' oversight in not filing a proof of claim on behalf of the IRS. The debtors do not give any reason for the late filing, but no tactical advantage from the delay can be imagined. Although any reason for the delay was within the reasonable control of the debtors, there does not appear to be a sinister motive.

Good faith. There is nothing to suggest that the debtors have failed to act in good faith. It may not have been wise to rely on the IRS to file its own claim, but it certainly isn't bad faith to be so trusting.

Conclusion

In weighing the factors presented by the Supreme Court in *Pioneer,* "excusable neglect" appears to be present. Had some prior meaning of that phrase been employed, the debtors may not have been so lucky. But *Pioneer* is the law of the land and the debtors' delay is excused. The IRS claim retains its priority pursuant to 11 U.S.C. § 507, and the trustee is directed to pay the IRS claim pursuant to 11 U.S.C. § 726(a)(1).

*See U.S. v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir.1990); *In re Century Boat Co.,* 986 F.2d 154 (6th Cir.1993).