**UNITED STATES of America, Appellant,**

v.

**Gary D. CLARK, Appellee.**

**No. 93–C–554B.**

United States District Court,
D. Utah,
Northern Division.

Dec. 1, 1993.

Robert McIntosh, Washington, DC.

Richard D. Parry, U.S. Attorney's Office, Salt Lake City, UT.

Ted K. Godfrey, Ogden, UT.

Julie D. Carver, U.S. Bankruptcy Court, Salt Lake City, UT.

Christine R. Brisbin, Office of Chapter 13 Trustee, Salt Lake City, UT.

## MEMORANDUM DECISION AND ORDER

BENSON, District Judge.

### I. Introduction

This matter is before the court on appellant's appeal from a Bankruptcy Court order disallowing a portion of appellant's claim against the debtor's estate on the basis that appellant's Proof of Claim was not timely filed pursuant to Federal Rule of Bankruptcy Procedure 3002(c).

In the instant case, debtor filed a petition under Chapter 13 of the Bankruptcy Code. The first meeting of the creditors was held on February 20, 1992. Pursuant to Federal Rule of Bankruptcy Procedure 3002(c), the ninety-day period for filing Proofs of Claim expired on May 20, 1992.[1] It is undisputed that appellant Internal Revenue Service did not file its Proof of Claim

1. Federal Rule of Bankruptcy Procedure 3002 provides:

> (c) Time for filing
> In a ... Chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to section 341(a) of the Code....

until August 6, 1992. After the debtor contested appellant's claim, the Bankruptcy Court conducted a hearing and ruled that a secured portion of the Proof of Claim should be allowed, but that the remainder of the claim should be disallowed. The Internal Revenue Service appeals the Bankruptcy Court's ruling.[2]

### II. Discussion

The appellant raises several arguments to advance its position that its entire claim should be allowed. In so doing, appellant places great emphasis on *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn.1992), a case in which a Minnesota Bankruptcy Court held that the ninety-day limit imposed by Rule 3002(c) should be disregarded because Rule 3002's limitation is inconsistent with the plain language of the Bankruptcy Code. The essence of appellant's argument, gleaned from *In re Hausladen*, is that sections 501 and 502 of the Bankruptcy Code govern the filing and allowance of claims and neither section imposes a time limitation on filings. Thus, appellant argues that Rule 3002(c), because it establishes a time limitation on filings, is inconsistent with the plain language of the Bankruptcy Code. To reconcile these apparently conflicting provisions, appellant avers that section 502 establishes when claims may be allowed, and Rule 3002(c) classifies claims once they have been allowed.

Another argument appellant raises is that the Bankruptcy Court's ruling is unjust. Appellant submits that in order to obtain a "super" discharge, the debtor must complete all payments under his plan, but that the plan and its corresponding payments should include priority claims such as appellant's. Appellant argues that the Bankruptcy Court's ruling permits the debtor to obtain a discharge without paying all of his priority claims.[3]

2. The court notes that it must conduct a de novo review of the Bankruptcy Court's legal conclusions. *See In re Unioil, Inc.*, 962 F.2d 988, 990 (10th Cir.1992).

3. In addition, appellant maintains that the debtor's plan cannot be confirmed unless the plan provides for the payment of priority claims. However, this argument is moot as the debtor's

The debtor and trustee provide a completely different explanation of Rule 3002(c). The trustee maintains that the ninety-day period for filing claims established by Rule 3002(c) creates a condition precedent to a claim being allowed under section 502. According to the trustee, the appellant had the possibility of obtaining a priority claim by virtue of its tax claims, but that appellant's claim never rose to the level of a priority claim because appellant failed to satisfy the condition precedent of making a timely filing. Thus, the Trustee argues that the appellant's claim is dischargeable under the debtor's plan because such priority claims were provided for under the debtor's plan, but appellant's claim failed to meet the threshold requirement of a timely filing.

After reviewing the parties' briefs and the relevant law, the court finds persuasive the arguments advanced by the debtor and trustee. Thus, the court declines to follow the reasoning provided in the *Hausladen* opinion, which was introduced to the court by the appellant. The court notes that the *Hausladen* court's reasoning has been rejected by a number of courts that have considered the issue. *See, e.g., In re Stoecker,* 151 B.R. 989 (Bankr.N.D.Ill.1992) (expressly disagreeing with *Hausladen* court's ruling); *In re Bailey,* 151 B.R. 28 (Bankr.N.D.N.Y.1993) (same); *In re Zimmerman,* 156 B.R. 192 (Bankr. W.D.Mich.1993) (same).

The court finds that a more cogent interpretation of the relationship between Bankruptcy Code sections 501 and 501 and Federal Procedure of Bankruptcy Rule 3002 is found in *In re Johnson,* 156 B.R. 557 (Bankr. N.D.Ill.1993). In the *Johnson* case, the court stated that sections 501 and 502 do not provide a time limitation for the filing of claims because Congress intended for the Federal Rules of Bankruptcy Procedure to address those issues. *See In re Johnson,* 156 B.R. at 559 (citing H.R.Rep. No. 595, 95th Cong., 1st Sess., 351 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6307; S.Rep. No. 989, 95th Cong., 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5847). The

*Johnson* court recognized that when Congress revised and modernized the bankruptcy law, it left procedural matters to the Federal Bankruptcy Rules. According to the *Johnson* court, Rule 3002 is a procedural limitation to filing a claim under section 501. *Id.*

Based on the *Johnson* court's interpretation of the roles of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, it is understandable that sections 501 and 502 would not contain time limitations. Moreover, the "Historical and Statutory Notes" accompanying section 501 provide additional support for the explanation advanced by the *Johnson* court. The Historical and Statutory Notes provide:

> The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed.

Notes Accompanying 11 U.S.C. § 501.

■ Based on the foregoing, the court concludes that in order for a claim to meet the threshold requirement for allowance under section 502, a proof of claim must be filed under section 501, which comports with the time limitation imposed by Rule 3002. Because appellant failed to timely file its proof of claim, appellant failed to comply with the condition precedent to presenting an allowable claim. While such a result may appear harsh, the court believes that the guidelines and exceptions established by Rule 3002 advance the goals of fair treatment of creditors and prompt resolution of bankruptcy estates—goals that benefit all parties involved in a Chapter 13 bankruptcy.

Accordingly, the court hereby DENIES appellant's appeal from the Order of the Bankruptcy Court dated April 16, 1993, disallowing the unsecured portion of appellant's proof of claim.

IT IS SO ORDERED.

plan was approved by the Bankruptcy Court and appellant did not contest its approval in that forum.