In re David Eugene **NETTLES** and Marie Anthonette Nettles, Debtors.

No. 97–0431–BKC–3P7.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 11, 2000.

Alexander G. Smith, Jacksonville, FL, Chapter 7 Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon objection by the United States Trustee to Proofs of Claim 2, 3, 4, 5, 6, and 7 filed by Alexander G. Smith, Chapter 7 Trustee ("Mr. Smith"). The Court held a hearing on June 29, 2000 and the case was taken under advisement. Upon the evidence presented and the stipulations of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT [1]

1. This case was filed by David Eugene Nettles and Marie Anthonette Nettles ("Debtors") on January 21, 1997 pursuant to Chapter 7 of the Bankruptcy Code. Mr. Smith was appointed as Chapter 7 Trustee in the case.

2. Initially, the clerk reported the case as one with no assets. However, Mr. Smith subsequently requested the Court to notice the case as an asset case. Therefore, on or about August 27, 1998 a notice of need to file proof of claim was served by the clerk, setting a claims bar date of November 23, 1998.

3. On or about February 8, 1999 Mr. Smith filed the following unsecured proofs of claim on behalf of Debtors' creditors: (1) Claim 2 for The Associates in the amount of $700; (2) Claim 3 for the City of Jacksonville, Fire Department in the amount of $300; (3) Claim 4 for Babcock Furniture in the amount of $530; (4) Claim 5 for University Medical Center in the amount of $452.60; (5) Claim 6 for University Medical Center in the amount of $800;

and (6) Claim 7 for World Omni Financial Corporation in the amount of $6,139.01.

4. World Omni Financial Corporation filed Claim 8 on its own behalf on May 31, 2000 in the amount of $6,139.01. Except for World Omni Financial Corporation, no other creditor filed a claim subsequent to the claims filed by Mr. Smith.

5. Mr. Smith collected $28,122.57 on an asbestos claim, which was the result of settled litigation with Owens–Corning Fiberglass Corporation.

6. Special Counsel was employed regarding the asbestos claim and has filed a fee application requesting $8,251.49 in fees and $1,303.83 in expenses.

7. Debtors' debt to The Associates (Claim 2) has been paid in full.

8. Debtors have paid all but $40 of their debt to City of Jacksonville, Fire Department (Claim 3).

9. Debtors' debt to Babcock Furniture (Claim 4) has been paid in full.

### CONCLUSIONS OF LAW

Mr. Smith filed Claims 2, 3, 4, 5, 6 and 7 on behalf of several creditors pursuant to 11 U.S.C. § 501(c). The United States Trustee argues that, pursuant to Federal Rule of Bankruptcy Procedure 3004, Mr. Smith must have filed these claims within thirty days after expiration of the time set for filing claims. Because Mr. Smith did not file the claims until February 8, 1999, approximately two months after the claims bar date set by the Court, the United States Trustee contends the claims should be disallowed. Mr. Smith believes that Rule 3004 is inconsistent with § 501(c), and therefore, the thirty-day limit contained in Rule 3004 is not an enforceable outer limit for filing claims on behalf of creditors. Accordingly, Mr. Smith urges the Court to allow the claims as timely or, at minimum, as tardily filed.

Section 501(c) provides that "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C.

1. The parties stipulated to the Findings of Fact at the June 29, 2000 hearing.

§ 501(c) (West 2000). Section 501(c) thus permits the debtor or the trustee to file a proof of claim on behalf of a creditor when the creditor does not timely file its proof of claim. Section 501 does not indicate when the debtor or the trustee may file such claims. However, it appears that Rule 3004 fills the gap. Rule 3004 provides "if a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed in Rule 3002(c) or 3003(c), whichever is applicable." FED. R. BANKR. P. 3004. The clerk initially reported the case as one with no assets, but was subsequently advised by Mr. Smith that payment of a dividend appeared possible. Therefore, Rule 3002(c)(5) is applicable. Rule 3002(c)(5) provides: "If notice of insufficient assets to pay a dividend was given to creditors ... and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claims within 90 days after the mailing of the notice." FED. R. BANKR. P. 3002(c)(5). The Court provided such notice and set a claims bar date of November 23, 1998. Accordingly, pursuant to Rule 3004, Mr. Smith had until December 23, 1998 to file claims on behalf of non-filing creditors.

The primary issue before the Court is whether the thirty-day time limit contained in Rule 3004 sets an enforceable outer limit for filing claims by a trustee.

The Court initially notes that there is no binding authority in the Eleventh Circuit on this issue. The United States Trustee, however, cites to a Seventh Circuit decision, which is directly on point.[2] *See In re Danielson,* 981 F.2d 296, 298 (7th Cir. 1992), *reh'g denied,* (1993). In *Danielson,* a Chapter 7 debtor moved for authority to file a proof of claim on behalf of the Internal Revenue Service, long after the expiration of the time provided for by Rule 3004. The debtor in *Danielson* contended, just as Mr. Smith does in this case, that Rule 3004 is inconsistent with § 501(c). In finding no inconsistency, the court determined that Rule 3004, as authorized by the Rules Enabling Act, 28 U.S.C. § 2075, simply fills in the time limit in § 501(c) for when debtors and trustees are permitted to file proofs of claims on behalf of creditors.[3] *See Danielson,* 981 F.2d at 298. The debtor in *Danielson* also claimed that the use of "may" in Rule 3004 implies that the thirty-day period is not an outer limit to file a claim. However, the *Danielson* court found that the language "may file within 30 days" contained in Rule 3004 simply "means that the person need not file, but must act within the time specified if he elects to file." *Id.* The Court agrees with the rationale set forth by Judge Easterbrook in *Danielson* and finds that Rule

**2.** Although *Danielson* dealt with a debtor filing a claim on behalf of a creditor, Rule 3004 applies equally to a trustee filing such a claim.

**3.** The court in *Danielson* did not address the potential conflict between Rule 3004 and 11 U.S.C. § 726. Several circuit courts have determined that Rule 3002(c) is inconsistent with the text of §§ 726, 501 and 502, therefore, priority claims receive first distribution regardless of whether proof of the claim is filed timely or late. *See IRS v. Davis,* 81 F.3d 134, 136 (11th Cir.1996); *United States v. Vecchio (In re Vecchio),* 20 f.3d 555, 559 (2d Cir.1994); *United States v. Towers (In re Pacific Atl. Trading Co.),* 33 F.3d 1064, 1066–67 (9th Cir.1994); *United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087, 1089 (6th Cir.

1990); *Illinois Dep't of Revenue v. Raleigh (In re Stoecker),* 179 B.R. 532, 537 (N.D.Ill.1994). *But cf. United States v. Waindel (In re Waindel),* 65 F.3d 1307, 1311–12 (5th Cir.1995) (allowing IRS' tardily filed claim, but not as first tier priority). While the rationale set forth by the circuit courts may apply with equal force to tardy claims filed by a creditor under § 501(a), it does not apply to tardy claims filed by a debtor or trustee under § 501(c). Section 726 simply does not provide for distribution on claims tardily filed by a debtor or trustee pursuant to § 501(c). *See* 11 U.S.C. § 726(c) (West 2000) (providing for third tier priority to unsecured claims tardily filed by creditors under § 501(a)). Accordingly, Rule 3004 does not conflict with § 726.

3004 sets the outer limit to file a claim. *See Davis v. Columbia Const. Co., Inc. (In re Davis)*, 936 F.2d 771, 773–74 (4th Cir. 1991) (interpreting Rule 3004 as statute of limitations for filing claims on behalf of creditors). Thus, because Mr. Smith filed the claims after the thirty-day time limit set by Rule 3004, the United States Trustee's objections to Claims 2, 3, 4, 5, and 6 will be sustained and the claims will be disallowed.[4] The Court notes that the claims are not disallowed solely because they were filed late, but also because their purpose is inconsistent with 11 U.S.C. § 501(c).

Mr. Smith alleges that he had a duty to file these claims on behalf of the creditors. However, the Court finds that no such duty exists in this case. The primary purpose of permitting a debtor or trustee to file a claim is *to protect the debtor* in those situations in which the creditor's claim is nondischargeable.[5] *See, e.g., Grynberg v. United States (In re Grynberg)*, 986 F.2d 367, 370 (10th Cir.), *cert. denied*, 510 U.S. 984, 114 S.Ct. 489, 126 L.Ed.2d 439 (1993); *Danielson*, 981 F.2d at 298; *In re Mustelier*, 65 B.R. 59, 60 (Bankr.S.D.Fla.1986) (emphasis supplied). However, the claims involved in this case are dischargeable. Moreover, it is clear that Mr. Smith filed the claims in order to maximize his fee, not to protect the debtor. As such, Mr. Smith's claims must be disallowed because their purpose is inconsistent with the objectives of § 501(c). *See Mustelier*, 65 B.R. at 60 (denying trustee's timely motion to file claim on behalf of creditor because effect

---

4. The Court deems the United States Trustee's objection to Claim 7 withdrawn in light of Claim 8 filed by World Omni Financial Corporation. At the June 29, 2000 hearing, the United States Trustee and Mr. Smith agreed that Claim 8 trumps Claim 7.

5. A debtor still remains liable after the discharge for those debts which are nondischargeable pursuant to § 523(a) or, in a chapter 13 case, pursuant to § 1328(a). *See* 11 U.S.C. § 523(a) (setting forth types of debts that are nondischargeable); 11 U.S.C. § 1328(a) (West 2000) (provision relating to discharge). Therefore, if a creditor does not

of motion was incongruous with § 501(c)). *See also In re McReynolds*, No. 95–2924–3P7 (Bankr.M.D. Fla. June 17, 1998) (Proctor, J.) (holding trustee lacks standing to refute debtors' objections to claims filed by trustee on behalf of large corporations).

## CONCLUSION

Based on the foregoing, the United States Trustee's objections to Claims 2, 3, 4, 5, and 6 will be sustained and the claims will be disallowed. A separate order will be entered in accordance with these Findings of Fact and Conclusions of Law.

---

file, there would be no distribution on the nondischargeable claim, and the debtor would have a greater debt to repay after the case is closed than if a claim had been filed and some distribution was made in the case or under the plan. The debtor may also have other reasons to ensure that a particular debt is paid, whether nondischargeable or not, such as one that is owed to a friend or relative or because of other specific business or personal reasons. *See* LAWRENCE P. KING, COLLIER ON BANKRUPTCY, ¶ 501.04[1] (15th ed. rev.1998).