**In re DEMASK, INC., Debtor.**

**Bankruptcy No. 84–00788–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

June 27, 1986.

Arthur S. Weitzner, Miami, Fla., for trustee.

Louis Phillips, Miami, Fla., for debtor.

**ORDER ON OBJECTIONS TO CLAIMS**

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come on to be heard before the Court on June 27, 1986, on the trustee, JEANETTE E. TAVORMINA, objections to claims and designation of hearing, and the Court having reviewed said objections, and due and proper notice having been given to the claimants herein, and after due consideration, it is thereupon,

ORDERED and ADJUDGED, as follows:

1. The Court has jurisdiction of the parties and subject matter.

2. Trustee's objection to Claim No. 54, Dade County Tax Collector, 140 West Flagler Street, Miami, Florida 33130, as a priority tax claim in the amount of $2,669.36, be and the same is hereby sustained and said claim is stricken in that this sum is not due and owing.

Claim No. 34, Dade County Tax Collector, 140, West Flagler Street, Miami, Florida 33130, in the sum of $1,688.53 is allowed as priority tax claim under Section 507(a)(6).

3. In regard to Trustee's objection to Claim No. 55 filed by the Debtor on behalf of the Internal Revenue Service, c/o Special Procedures, P.O. Box 35045, Jacksonville, Florida 32202, as a priority tax claim in the amount of $4,655.01, as a late filed claim, the Court having heard from the Counsel for the Debtor that on several occasions, the local agent for the Internal Revenue Service was advised that a tax claim on behalf of the Internal Revenue Service had not been filed, and that the Trustee had sufficient monies in this estate for the payment of the outstanding priority tax claim due and owing to the Internal Revenue Service. The Bankruptcy Court being a Court of equity, and this Court in its exercise of equitable powers, denies in part the Trustee's objection, and adopts the holdings enunciated in the cases of *In Re D.A. Behrens Enterprises, Inc.,* 33 B.R. 751 (Bankr.M.D.Pa.1983) and *In Re Gingery,* 48 B.R. 1000 (D.C.1985), in regard to the debtor's late filing of a proof of claim

on behalf of the Internal Revenue Service, pursuant to 11 U.S.C.S. Section 501(c).

The purpose of this subsection is mainly to protect the debtor if the creditor's claim is nondischargeable. If the creditor does not file, there would be no distribution on the claim, and the debtor would have a greater debt to repay after the case is closed than if the claim were paid in part or full in the case or under the Plan. S.Rep. No. 95–989, 95th Cong., 2d Sess. 61 (1978), U.S. Code Cong. & Ad. News, 5787, 5847.

Here, the Internal Revenue Service's Claim is nondischargeable. If no payments are made from the pending bankruptcy estate, the principals of the debtor will remain liable to the Internal Revenue Service for the unpaid priority taxes due.

The Court is satisfied that the Debtor has exercised due diligence and has provided a reasonable explanation for the delay in filing a proof of claim on behalf of the Internal Revenue Service. There will be no unreasonable delay of time in the administration of the case.

Accordingly, it is thereupon,

ORDERED, that the Trustee's Objection to the late filed proof of claim on behalf of the Internal Revenue Service, in the principal sum of $3,257.20, be denied, and said claim be allowed as a priority tax claim pursuant to Section 507(a)(6).

It is further ORDERED, that the Trustee's objection to the incorporation of interest in the sum of $583.51, and penalty in the sum of $814.30, as an additional amount within said proof of claim be sustained and disallowed.

4. The Clerk of this Court is herewith directed to make such notations as may be required on the claims docket in accordance with this Order.