**In re Rudolph JORDAN, Jr., Debtor.**

**Bankruptcy No. 86-09273 (13).**

United States Bankruptcy Court, N.D. Alabama.

Sept. 29, 1987.

Frank LaBudde, Anniston, Ala., for AOD Federal Credit Union.

Todd Caldwell, Anniston, Ala., for debtor.

### FINDINGS, CONCLUSIONS, AND ORDER

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Findings of Fact*

The above-styled chapter 13 bankruptcy case was commenced November 14, 1986, and a plan by the debtor was confirmed April 3, 1987. The meeting of creditors under title 11, United States Code, Section 341, was first set for December 17, 1986, making March 17, 1987,[1] the last day by which creditors generally could file proofs of their claims.[2]

AOD Federal Credit Union (hereinafter referred to as "AOD Federal") was listed or scheduled as a creditor in the debtor's Chapter 13 Statement[3] but did not timely file a proof of its claim. On April 29, 1987, the debtor tendered to the bankruptcy court clerk for filing two claims for AOD Federal—one marked "[u]nsecured" in the sum of $4,654.70 and one marked "[s]ecured" in the sum of $8,589.91. Neither had any attachment.

In accordance with a prior general or administrative order of the Court for the clerk to return untimely proofs of claim, the clerk refused to file the proofs of claim, and AOD Federal filed a formal objection and motion that the claims "be allowed."

The foregoing findings of fact, based upon the file maintained by the clerk for this case and of which the Court now takes judicial notice, are not in dispute. Judicial notice also is taken of the calendar dates.

*Conclusions by the Court*

This matter has been argued before the Court, was taken under advisement, and AOD Federal has filed a brief. The Court is called upon to determine whether this chapter 13 debtor, who was permitted to file a proof of claim for a creditor who had not filed one by the first date set for the creditors' meeting, under the Bankruptcy Rules[4], had a right to do so 43 days after the general bar date for filing proofs of claim or 133 days after the first date set for the meeting of creditors.[5]

AOD Federal first contends that it is a *"secured* creditor," by which it means that it holds a "secured claim" or that a debt owed to it is secured. It argues that, since 1983 Bankruptcy Rule 3002(a) states that "[a]n unsecured creditor ... must file a proof of claim ... in accordance with this rule for the claim ... to be allowed ...," the time bar of part (c) of that rule does not apply to a secured claim. Part (c) of that rule, however, does not indicate that its application is limited to unsecured claims, the wording being that "a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors...."[6] Besides, the proof of claim marked "[s]ecured" does not have attached to it the "evidence that the security interest has been perfected," as required by

---

1. Not a Saturday, a Sunday, or a legal holiday. See 1983 Bankr.R. 9006(a).

2. "[A] proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code," with very limited exceptions not here relevant. 1983 Bankr.R. 3002(c).

3. 1983 Bankr.Official Form No. 10; see 1983 Bankr.R. 9009.

4. 1983 Bankr.R. 3004.

5. See note 2, *supra.*

6. *Contra, In re Harris,* 64 B.R. 717 (Bankr.D.Ct. 1986); *but see* Norton, Bankr.L. & Practice § 76.09 at 22 (1981, rev. 1987).

1983 Bankruptcy Rule 3001(d). Also, it does not have attached the writing upon which it is based, if based upon a writing, as is required by part (c) of that rule. The contention that 1983 Bankruptcy Rule 3002(c) does not apply to the proof of claim marked "[s]ecured" is rejected for both reasons outlined above.

■ The principal contention of AOD Federal, however, is that the applicable statute, 11 U.S.C. § 501(c), provides that "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim," that "timely" means within the time provided by 1983 Bankruptcy Rule 3002(c) rather than by "the first day set for the meeting of creditors," that the statute must be followed, and that any conflicting interpretation of the rule of procedure must be abhorred. From this, it is argued that the debtor has a statutory right to file these proofs of claim after the 90-day bar date, because Rule 3004 cannot be applied as being subject to the bar date fixed in 1983 Bankruptcy Rule 3002(c) and thereby deny the debtor the statutory right under 11 U.S.C. § 501(c) to file the proof of claim if the creditor does not *timely* file a proof of the claim.

In support of its position, AOD Federal cites *In re Gingery*, 48 B.R. 1000, 12 Collier Bankr.Cas.2d 943 (Bankr.D.Co.1985); *In re Starkey*, 49 B.R. 984 (Bankr.D.Co. 1984); *In re Behrens Enterprises, Inc.*, 33 B.R. 751, 11 Bankr.Ct.Dec. 246 (Bankr.M. D.Pa.1983); and *In re Higgins*, 29 B.R. 196, 11 Bankr.Ct.Dec. 7 (Bankr.N.D.Ia. 1983). Of these, the two older cases were chapter 7 cases, as to which 1973 Bankruptcy Rule 303 provided the debtor with the right to file for a creditor proof of a tax claim,[7] but neither mentions this rule of procedure, referring only to 11 U.S.C. § 501(c) and, in *Higgins*, to [Suggested]

Interim Bankruptcy Rule 3004.[8] In *Starkey*, the Court, in discussing *Higgins* does not appear to be aware of 1973 Bankruptcy Rule 303, but it does briefly mention the critical issue involved:

> The Court is aware of the apparent discrepancy presented by Bankruptcy Rules 3002 and 3004 and Section 501(c) and its supporting legislative language. Where there is a potential conflict between the Bankruptcy Rules and the Code, the Code must prevail. Consistent with the *Higgins* decision, the Court finds that the debtors should be allowed a reasonable time after the deadline for filing claims to file on behalf of creditors.

49 B.R. 984, 988 (Bankr.D.Co.1984).

The same judge, in *Gingery*, 48 B.R. at 1005, reaffirmed the conclusion that the debtor should have a reasonable time after the bar date in which to file a proof of claim for a creditor who did not timely file a proof of claim, citing the similar holding in *In re Behrens Enterprises, Inc.*, 33 B.R. 751. To the same effect is the holding in *In re Demask, Inc.*, 62 B.R. 541 (Bankr.S. D.Fl.1986), which appears to rest its result upon the Court's perception of equitable principles.[9]

The Colorado court, in *Gingery*, 48 B.R. 1000, does not discuss the contrary result announced from the same court in *In re Schneider*, 51 B.R. 196 (Bankr.D.Co.1984). The contrary result was also announced in *In re Hatchett*, 31 B.R. 833 (Bankr.E.D.Va. 1983), where the Court disputed the position that a court of equity should fashion a remedial rule different from 1973 Bankruptcy Rule 302(e).[10] Agreement with the holding in the latter two cases is found in Norton, *Bankruptcy Law and Practice:* "[t]he provision does not permit filing after the last date for filing claims but allows the party to timely file if the creditor does

---

**7.** Bankruptcy Reform Act of 1978, Pub.L. 95–598, § 405(d) (1978). *Compare* 1973 chapter XIII Bankruptcy Rule 13–303.

**8.** This rule differed from 1973 Bankruptcy Rule 303, by extending its application to "a creditor" whereas Rule 303 was limited to "a creditor having a provable claim for taxes or wages."

**9.** "The Bankruptcy Court being a court of equity, and this court in its exercise of equitable powers, denies in part the Trustee's objection...." 62 B.R. 541.

**10.** See discussion of this proposition in *In re International Resorts, Inc.*, 74 B.R. 428, 429–30 (Bankr.N.D.AL 1987).

not."[11] It further states elsewhere: "Presumably, the time for filing on behalf of a creditor and the time within which the creditor must then file a superseding claim would be the maximum 90–day period after the first date set for the meeting of creditors as prescribed by Bankruptcy Rule 3002(c)."[12]

The Court concludes, however, that AOD Federal's contention that the rule may not conflict with the statute is correct.

By Public Law 88–623 (1964), Congress repealed section 30 of the Bankruptcy Act and gave the Supreme Court the power to prescribe rules of bankruptcy practice and procedure, subject to congressional review.[13] Because the Bankruptcy Act contained many procedural provisions considered archaic, the statute provided: "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Thus, the 1973 Bankruptcy Rules governed the practice and procedure in bankruptcy until November 6, 1978. At that date, there became effective an amendment to the statute, which deleted the provision quoted above providing for the supremacy of the rules.[14] This amendment was made because the then-new Bankruptcy Reform Act of 1978 contained various rules of procedure not archaic and being expressive of congressional policy.

Thus, if there is a conflict between the provisions of Rules 3002(c) and 3004 and those of section 501(c) of the bankruptcy statute, the contrary provisions in the rules cannot be applied. It seems fairly obvious, however, that the rules should be given any reasonable interpretation which does not conflict with the statute. This can be done if Rule 3004 and section 501(c) are independently applied. There is no necessary conjunction of the two from the language of their provisions,[15] and it is only when they are applied conjunctively that a problem arises.

It is next to impossible to take the words "does not timely file" in the statute and equate them with the words "fails to file … on or before the first date set for the meeting of creditors" when it is the "first day set for the meeting of creditors" which starts the running of the 90–day period to the bar date, as provided in Rule 3002(c). Surely, the word "timely" in the statute must mean a filing which is permissible and that means through the bar date, not only through the first date set for the meeting of creditors. This conclusion dictates that the statute and the rule not be joined in application if practical to avoid doing so.

Bankruptcy Rule 3004, consequently, must be interpreted as providing an additional opportunity to the debtor or trustee to file a proof of claim for a creditor. It often may be necessary or desirable for a proof of claim to be filed for a creditor early in the bankruptcy case in order that objections to it may be resolved under section 502 or that the validity and value of security claimed may be determined under § 506. Under the rules this opportunity expires at the bar date provided in the rules.

Under § 501(c) of the statute, if a creditor does not timely file a proof of claim (within the time prescribed in the rules), the debtor or trustee may file a proof of claim, under the opportunity afforded by the congressional policy reflected in the statute. The time for doing so must be inferred to be that which is not unreasonable under the circumstances of the case. This somewhat cumbersome bifurcation is a required choice over finding the rules to be in conflict with the statute. This choice does not appear to be required as to matters occurring on or after August 1, 1987, because of the recent amendment

---

**11.** 1 Norton, Bankr.L. & Prac. § 28.01, at 2 (1981, rev. 7/85).

**12.** 3 Norton, Bankr.L. & Prac. § 76.09, at 23 (1981, rev. 1/87).

**13.** 28 U.S.C. § 2075.

**14.** Bankr.Reform Act of 1978, Pub.L. 95–598, § 247 (Nov. 6, 1978). See Reform Act § 402(d).

**15.** The Advisory Committee note to Rule 3004, however, states erroneously that the rule "conforms with the changes made by § 501(c) of the Code."

to Rule 3004, which permits the debtor or trustee to file for a tardy creditor "within 30 days after" the bar date prescribed in the rules. Although the manner in which the amendment was crafted may sire its own problems, that is not before the Court in this case.

The Court concludes that the proofs of claim offered for filing on April 29, 1987, qualify for filing and allowance.

### Order of the Court

For cause, it is ORDERED by the Court that the clerk of this court is authorized and directed to file, *nunc pro tunc*, April 29, 1987, the two claims hereinbefore described.