**In re Warren G. MOSELY, Debtor.**

**Bankruptcy No. 89–02142–C.**

United States Bankruptcy Court,
N.D. Oklahoma.

Aug. 13, 1993.

Charles H. Crain, Tulsa, OK, for debtor.

Kenneth L. Stainer, Tulsa, OK, for Trustee.

less the entity has paid the amount for which it is liable under § 542 of this title.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on to be heard upon the Trustee's objection to the proof of claim filed by Debtor on behalf of the Internal Revenue Service ("IRS") on grounds that the claim was filed too late. The Court directed the parties to file briefs in support of their positions and the matter was taken under advisement. Upon review of the authorities presented, the Court finds as follows:

1. On July 21, 1989, Debtor filed for relief under Chapter 7 of the Bankruptcy Code. Debtor listed the IRS on Schedule A of his schedules as holding a priority tax claim in an unknown amount but did not include the IRS on his matrix.

2. On August 2, 1989, the Court Clerk mailed the Order and Notice of Chapter 7 Bankruptcy Filing, Meeting of Creditors, and Fixing of Dates to all listed creditors. Because the case was originally designated a no asset case, a bar date for filing proofs of claim was not set and creditors were instructed not to file proofs of claim unless later ordered to do so by the Court. This notice was not mailed to the IRS because it did not appear on the matrix.

3. The First Meeting of Creditors was held on August 24, 1989. Debtor received a discharge on November 21, 1989.

4. Thereafter, the Trustee received a settlement on behalf of Debtor's estate from the State of California in an eminent domain action. Because assets were now available for distribution to creditors, the Trustee filed a Notice of Asset Case on June 25, 1991, and requested that a bar date be set for filing proofs of claim.

5. On June 26, 1991, A Notice to File Claims setting a bar date for September 24, 1991, was mailed to all listed creditors. A copy of this notice was not mailed to the IRS because it did not appear on Debtor's matrix.

6. The Trustee filed his Final Report and Proposed Distribution on April 21, 1993, and a hearing was set for June 8, 1993.

7. On June 3, 1993, Debtor filed an Amended Schedule A which listed a priority claim for the IRS in the amount of $32,-385.67. Debtor also amended his matrix to include the IRS. The IRS was notified of the bankruptcy filing at this time but has not filed a proof of claim.

8. On June 10, 1993, Debtor filed a proof of priority claim on behalf of the IRS in the amount of $32,385.67. The proof of claim reflects that Debtor has made post-petition payments to the IRS totalling $13,-196.37. This amount was not deducted for purposes of the proof of claim.

9. The Trustee filed his objection to the proof of claim on June 22, 1993, on grounds that the proof of claim was filed over 21 months after the bar date and should be disallowed. The Trustee points out that unsecured creditors who timely filed proofs of claim pursuant to the established bar date have claims totaling $232,189.68. The estate has for distribution the sum of $12,-611.48.

10. If the claim filed by Debtor on behalf of the IRS is allowed, all of the funds available for distribution will be paid to the IRS instead of the unsecured creditors because its claim is entitled to priority under § 507(a)(7)(C). Additionally, under § 523(a)(1)(A) the claim of the IRS is non-dischargeable and whatever amount is not paid out of the estate will have to be paid out of Debtor's future earnings.

## CONCLUSIONS OF LAW

The issue before the Court is whether the proof of claim filed by Debtor on behalf of the IRS over 21 months after the bar date should be allowed, and, if so, to what extent. The relevant Bankruptcy Code sections and Rules applicable to this case are as follows.

Section 501(c) states as follows:

If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

Bankruptcy Rule 3002(c)(5) provides that in a chapter 7 liquidation:

If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

Bankruptcy Rule 3004 states as follows:

If a creditor fails to file a proof of claim ... the debtor ... may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c).[1]

Section 501(c) of the Bankruptcy Code allows a debtor to file a proof of claim on behalf of a creditor who fails to timely file. Section 501(c) does not specify a time limit on when a debtor may file. Bankruptcy Rule 3004 sets such a time limit by permitting a debtor to file a claim on a creditors' behalf within 30 days after expiration of the bar date set by Rule 3002(c).

Prior to its amendment, Rule 3004 did not specify a deadline for filing a claim on a creditor's behalf.[2] Faced with this ambiguity, courts construed the rule to grant debtors a reasonable time after expiration of the bar date to file a proof of claim. *See In re Gurst*, 80 B.R. 27 (Bankr.E.D.Pa. 1987); *In re Eckols*, 77 B.R. 345 (Bankr. D.N.H.1987); *In re Allen*, 68 B.R. 523 (Bankr.D.N.M.1986); *In re D.A. Behrens Enterprises, Inc.*, 33 B.R. 751 (Bankr. M.D.Penn.1983).

Bankruptcy Rule 3004 as amended now establishes what is a reasonable period of time: 30 days after expiration of the bar date. Courts confronting the amended version of Rule 3004 have strictly construed the 30 day deadline. *See In re Danielson*, 981 F.2d 296 (7th Cir.1992); *In re Davis*, 936 F.2d 771 (4th Cir.1991); *In re Zimmerman*, 114 B.R. 439 (Bankr.W.D.Pa.1990).

This is true even when the equities of the situation favor the debtor. *See In re King*, 90 B.R. 155 (Bankr.E.D.N.C.1988).

In this case, after the trustee notified the Court the case had become an asset case, the clerk mailed a Notice to File Claims on June 26, 1991, to all listed creditors as required by Rule 3002(c)(5). The Notice set a bar date for filing proofs of claim for September 24, 1991. Debtor had 30 days from this date or until October 24, 1991 to file a proof of claim on the IRS's behalf.

Debtor, who had knowledge of his debt to the IRS, did not file a proof of claim on its behalf until June 10, 1993, over 21 months after the bar date. Debtor did not meet the 30 day deadline established by Bankruptcy Rule 3004 and therefore the proof of claim he filed on behalf of the IRS must be disallowed.

In addition to not complying with the requirements imposed by Bankruptcy Rule 3004, the equities in this case do not favor Debtor. He listed the IRS as a creditor on his schedules but negligently and carelessly did not list the IRS on his matrix so it would receive notice of his bankruptcy. After he knew that a dividend was to be paid to creditors, he did not amend his matrix so that the IRS would get notice of the bar date nor did he file a claim on its behalf within 30 days after the bar date. It was Debtor's responsibility to monitor the claims docket to ascertain whether his creditors had timely filed their proofs of claim. Debtor's lack of diligence for over 21 months cannot be excused.

A separate judgment order consistent with this Memorandum Opinion will be entered.

---

1. Amended Mar. 30, 1987, eff. August 1, 1987.

2. Prior to its amendment, Bankruptcy Rule 3004 provided as follows:
   If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor. The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. The creditor may thereafter file a proof of claim pursuant to Rule 3002 or Rule 3003, which proof when filed shall supersede the proof filed by the debtor or trustee.