**In re Beckie FORD, Debtor.**

**Bankruptcy No. 96–41806.**

United States Bankruptcy Court,
N.D. Alabama,
Eastern Division.

Feb. 14, 1996.

S. Keith Eady, Talledega, AL for debtor.

Linda Gore, Gadsden, AL, for the Standing Trustee, Mavis Willingham.

## ORDER ON MOTION TO RECONSIDER ORDER SUSTAINING OBJECTION TO CLAIM # 10

JAMES S. SLEDGE, Bankruptcy Judge.

Debtor filed a motion requesting the Court to reconsider the order sustaining the trustee's objection to claim # 10 filed by debtor on behalf of Avco Financial (hereinafter Avco). The Court entered an order sustaining the trustee's objection on January 27, 1997. The Court granted the debtor's motion to reconsider on January 24, 1997. The Court conducted a second hearing on the trustee's objection on January 30, 1997.

### FINDINGS OF FACT

1. This motion arises in a case under title 11. The Court has jurisdiction, pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This motion is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

2. The debtor filed a petition under Chapter 13 on June 25, 1996.

3. On Schedule D, the debtor listed Avco as having a claim in the amount of $2,000 secured by a 1987 Nissan Sentra valued at $1,600. The debtors also listed Avco on the matrix.

4. The clerk's office issued a § 341 notice on July 3, 1996, which advises that a petition was filed and states in part:

CREDITORS: File your claims NOW. Claims not filed by claims bar date are not allowed. Bar date is Wed Oct 23, 1996. To have an allowed claim, a creditor is required to timely file a proof of claim in duplicate, with the necessary attachments, with the clerk. [emphasis in original]

5. The clerk mailed this notice on July 3, 1996 to the debtor and all creditors listed on the matrix, including Avco.

6. Avco did not file a proof of claim prior to the § 341 meeting on July 25, 1996; Avco also did not file a claim prior to the claims deadline on October 23, 1996. Indeed, Avco has never filed a claim in this case.

7. Keith Eady, the attorney for the debtor, signed and filed a proof of claim (Claim # 10) on behalf of Avco on December 16, 1996. It stated the total amount of the claim at the time the case was filed in the amount of $2,000. It classified $400 of the claim as unsecured and $1,600 of the claim as secured. No supporting documents were attached.

8. The trustee filed an objection to the claim on December 17, 1996. As a ground, the objection stated "Said claim, which does not appear to be an amendment to a claim previously filed, was filed subsequent to the date fixed for filing claims and none of the exceptions set forth in the Bankruptcy Rule 3002(c) would appear to be applicable."

9. A hearing was held on the objection on January 21, 1997. The trustee and the debtor's attorney appeared before the Court. Based upon a review of the file and the arguments presented, the Court sustained the objection.

10. Debtor filed this motion to reconsider on January 24, 1997, and requested a hearing on such motion. Said motion was granted on January 24, 1997. A second hearing was held on January 30, 1997. The trustee and the debtor's attorney appeared before the Court. The debtor filed a brief in support of

its motion. Linda B. Gore, Esq., filed a brief on behalf of the trustee, Mavis Willingham.

## CONCLUSIONS OF LAW

■ The Court notes at the outset that this motion is governed by 11 U.S.C. § 502(j) and Fed.R.Bankr.P. 3008.[1] Section 502(j)[2] provides in part: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."[3] Rule 3008 provides: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."[4] The Court may reconsider the allowance or disallowance of a claim until confirmation. *In re Duke,* 153 B.R. 913 (Bankr. N.D.Ala.1993). The Court's allowance or disallowance of a claim "may be reconsidered, *but only for cause." Matter of Bernard,* 189 B.R. 1017, 1021 (Bankr.N.D.Ga.1996) (emphasis added). Courts have considered several factors in reconsidering the allowance or disallowance of a claim. These factors include: equities of the case, the extent and reasonableness of the delay, possible prejudice, the good faith of the moving party, and the effect on estate administration. *In re Stoecker,* 151 B.R. 989 (Bankr.N.D.Ill.1993), *rev'd on other grounds,* 179 B.R. 532 (N.D.Ill. 1994); *In re Schaffer,* 173 B.R. 393 (Bankr.

N.D.Ill.1994). The motion to reconsider in this case mistakenly notes it is made pursuant to Rules 9023 and 9024.[5] Because this motion concerns the allowance of a claim, it is properly governed by § 502(j) and Rule 3008. Weighing the factors set out above, the Court granted the motion for reconsideration.

■ Upon reconsideration, the Court must determine whether the debtor's filing of claim # 10 on behalf of Avco may be allowed when objected to on a ground of untimeliness. To make this determination requires an analysis of §§ 501(c) and 502. Section 501 is the general section providing for the filing of claims. "A filed claim is, generally, the instrument to establish recognition and treatment of a creditor's claim in a bankruptcy case." *In re Johnson,* 95 B.R. 197, 200 (Bankr.D.Colo.1989). Section 501(c) authorizes the filing of claims by the debtor or trustee on behalf of a creditor who fails to timely file a claim.[6] *In re Duarte,* 146 B.R. 958 (Bankr.W.D.Tex.1992). The section does not distinguish between a creditor who files a secured claim and one who files an unsecured claim.[7] Thus, the debtor may file a secured claim and/or an unsecured claim on behalf of a creditor who fails to timely file a proof of claim. This is the statutory authority for debtors to file claims on behalf of creditors. The filing of a claim is a prerequisite to its allowance. *In re Simmons,* 765 F.2d 547, 547 (5th Cir.1985).

Although a claim is filed pursuant to § 501, its allowance is governed by § 502.[8] Section

1. Hereinafter, any reference to rules is referencing the Federal Rules of Bankruptcy Procedure.

2. Hereinafter, any reference to section is referencing Title 11, United States Code, unless otherwise indicated.

3. 11 U.S.C. § 502(j).

4. Fed.R.Bankr.P. 3008.

5. Fed.R.Bankr.P. 9023 provides: "Rule 59 F.R.Civ.P. applies in cases under the Code, except as provided in Rule 3008." Fed.R.Bankr.P. 9024 provides: "Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a Chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order

confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330."

6. 11 U.S.C. § 501(c) provides: "if a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."

7. 11 U.S.C. § 101(10) defines "creditor" as—(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(I) of this title; or (C) entity that has a community claim.
    This definition is broad enough to encompass both creditors with secured claims and creditors with unsecured claims.

8. *In re Johnson,* 156 B.R. 557 (Bankr.N.D.Ill. 1993) (Section 502 "provides the mechanism" for determining the allowance of claims filed pursuant to § 501).

502(a) provides that a claim filed pursuant to § 501 is deemed allowed, unless a party in interest objects.[9] The allowance of claims is then subject to specified exceptions or limitations as set out in § 502(b). Section 502(b)(9) provides that if an objection to a claim is made, the court must determine the amount of such claim and allow such claim in such amount, except to the extent that the proof of claim is not timely filed. Section 502(b)(9) was added in the 1994 amendments and evidenced Congressional intent that untimely claims would be barred. This section "expressly permits disallowance of claims for being untimely...." *In re Macias,* 195 B.R. 659 (Bankr.W.D.Tex.1996). *See also* H.Rep. No. 834, 103d Cong., 2d Sess. 25–26 (1994). The section then lists several exceptions which are not applicable in this case.[10]

■ Applying these statutes to the case before the Court, the debtor filed a claim on behalf of Avco pursuant to 501(c). Such claim was deemed allowed until the trustee objected to the claim based upon its alleged untimeliness. Consequently, the Court must determine whether the claim should be allowed. The determination of a claim's allowance is within the "exclusive province of the bankruptcy judge". *In re Hydorn,* 94 B.R. 608 (Bankr.W.D.Mo.1988); *In re Palombo Farms of Colorado, Inc.,* 43 B.R. 709 (D.Colo.1984). This determination requires the Court to determine if the claim was timely filed. If the claim was timely filed it should be allowed as filed. If the claim was untimely, the trustee's objection is due to be sustained and the claim not allowed.

Neither §§ 501 nor 502 set forth a time frame for filing a claim. Congress left this issue to be addressed by the Federal Rules of Bankruptcy Procedure. *See* H.R.Rep No. 595, 95th Cong., 1st Sess., 351 (1977); U.S.Code Cong. & Admin.News 1978, pp. 5787, 6307; S.Rep. No. 989, 95th Cong., 2d Sess. 61 (1978); U.S.Code Cong. & Admin.News 1978, pp. 5787, 5847 (rules of bankruptcy procedure are to guide creditors as to when filing would be necessary); *In re Duarte,* 146 B.R. 958 (Bankr.W.D.Tex.1992). Thus, the Federal Rules of Bankruptcy Procedure determine whether claims are timely filed. There are three rules in dealing with the timeliness of claims. These are: 1) Rule 3002(c), 2) Rule 3003(c), and 3) Rule 3004(c). Rule 3002(c) pertains to the filing of claims by creditors in Chapter 7, 12, and 13 cases. Rule 3003(c) pertains to the filing of claims by creditors in Chapter 9 and 11 cases. Finally, Rule 3004 governs the filing of claims by the debtor or trustee on behalf of creditors.

Debtor argues the applicability of Rule 3002(c) in the majority of her brief.[11] She argues that a secured claim need not be filed within the time specified in Fed.R.Bankr.P. 3002(c), and that a secured claim may be filed any time prior to confirmation. She supports this position by arguing that a secured claim does not need to be filed and a secured creditor may remain inactive throughout a Chapter 13 case.[12] Debtor then argues that time limits imposed by Rule 3002(c) only apply to unsecured claims. Debtor cites *In re Babbin,* 156 B.R. 838 (Bankr.D.C.Colo.1993) and *In re Harris,* 64

**9.** 11 U.S.C. § 502(a) provides: "A claim of interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under Chapter 7 of this title, objects."

**10.** 11 U.S.C. 502(b)(9) reads in full: Except as provided in subsections (e)(2), (f), (g), (h) and (I) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—(9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

**11.** Although debtor makes most of her arguments under Rule 3002(c), the debtor acknowledges that the proper Rule is 3004, governing the filing of claims by debtors on behalf of creditors who fail to file claims. Debtor's brief at n. 4.

**12.** Debtor's brief at p. 2–3 citing *In re Thomas,* 883 F.2d 991 (11th Cir.1989).

B.R. 717 (Bankr.D.C.Conn.1986) in support of her position.

Debtor is going down the wrong path. Neither Rule 3002(c) nor the cases cited by the debtor pertain to the issue before the Court. The *Babbin* court addressed the issue of whether a creditor must file a claim in a Chapter 13 case. This particular issue is not before this Court. In fact, the issue before the Court is not even whether the debtor must file a claim for a creditor. The issue confronting the Court is if a debtor files a claim for a creditor, must it do so within the time limit imposed by the Rules. Likewise, the issue confronting the *Harris* court was whether an untimely secured claim filed by a creditor could be allowed.[13] Again this is not the issue confronting this Court. To reiterate, the issue confronting the Court is the timeliness of the claim filed by the debtor for the creditor. Although these principles may sound similar, there is a great difference in their treatment under the Code and Rules. Congress and the Supreme Court have elected to treat the filing of claims by debtors and trustees separate and distinct from the filing of claims by creditors. Different sections authorize filing [14] and different rules govern the procedure for filing.[15] The debtor's attempt to support her position with these cases is not well taken. Although the issues raised by the debtor are intriguing, they are not the issues before the Court and will not be addressed until they are properly before the Court. The sole issue presented before this Court is simply the timing element for the DEBTOR to file a claim on behalf of a creditor.

**13.** Debtor also quotes this Court in a prior decision, *In re Willie Cook*, 205 B.R. 617 (1996) (wherein this Court noted the ambiguity in Rule 3002(c) as it applied to secured claims).

**14.** 11 U.S.C. §§ 501(a) and 501(c).

**15.** Fed.R.Bankr.P. 3002(c) and 3003(c) for creditors and 3004 for debtors.

**16.** Judge Watson in *In re Jordan*, 79 B.R. 49, 52–53 (Bankr.N.D.Ala.1987) held:
Under § 501(c) of the statute, if a creditor does not timely file a proof of claim (within the time prescribed in the rules), the debtor or trustee may file a proof of claim, under the opportunity afforded by the congressional policy re-

Debtor does cite two cases on point. In *In re Starkey*, 49 B.R. 984 (D.Col.1984), the court held that the debtor is allowed a reasonable time after the bar date to file claims on behalf of the creditor. The debtor also cites *In re Jordan*, 79 B.R. 49 (Bankr. N.D.Ala.1987) from this Court which also held that the debtor should be given a reasonable time within which to file claims for creditors. Both these courts based their reasoning on the fact that no timing rules had been provided for the filing of claims by the debtor. In the absence of timing rules, courts would determine "case by case, by balancing the equities, whether a debtor's delay in filing a proof of claim on behalf of a creditor was reasonable." *In re Davis*, 936 F.2d 771 (4th Cir.1991); *In re Mosely*, 157 B.R. 490 (Bankr.N.D.Okla.1993). The debtor urges this Court to adopt this approach and allow a "reasonable time" in which debtors may file claims for creditors. Again, debtor's reliance upon these cases is misplaced. Both of these cases were decided prior to the 1987 amendments to Rule 3004. The 1987 amendment to Rule 3004 defined a reasonable time to be 30 days. *Id.* In fact, Judge Watson in the *Jordan* case recognized the reasonableness determination for timeliness would be abrogated by the amendment to Rule 3004.[16] As the Supreme Court has set definite time limits within which the debtor may file claims for creditors who fail to file claims, this Court cannot adopt the approach suggested by the debtor. It must follow the mandates of Rule 3004 prescribed by the Supreme Court, which include time limitations.

Having established the applicable Rule, the analysis turns to Rule 3004. It provides in

flected in the statute. The time for doing so must be inferred to be that which is not unreasonable under the circumstances of the case. This somewhat cumbersome bifurcation is a required choice over finding the rules to be in conflict with the statute. This choice does not appear to be required as to matters occurring on or after August 1, 1987, because of the recent amendment to Rule 3004, which permits the debtor or trustee to file for a tardy creditor "within 30 days after" the bar date prescribed in the rules. Although the manner in which the amendment was crafted may sire its own problems, that is not before the Court in this case.

part: "If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or Rule 3003(c), whichever is applicable." [17]

Dividing the rule into its component parts reveals a three tier test to determine whether a claim may be filed on behalf of a creditor. The first requirement is that the creditor must not have filed a claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code. Second, the claim must be filed by the debtor or the trustee in the name of the creditor. *In re Macias*, 195 B.R. 659 (Bankr.W.D.Tex. 1996) (only debtor and trustee have standing to file claim for a creditor who fails to file). The third and final requirement is that the claim must be filed within 30 days of the time set forth in Rule 3002(c) (i.e. 120 days after the first date set for the § 341 meeting).[18] Although the rule uses the term "may" when describing the debtor filing claims, this has been construed as providing the debtor with the option to file the claim. It has not been construed to give the debtor the option to file within the 30 day limit to file claims. *See In re Danielson*, 981 F.2d 296, 298 (7th Cir. 1992) (debtor or trustee desiring to file claim on behalf of creditor "must" do so within the time specified); *In re Johnson*, 156 B.R. 557 (Bankr.N.D.Ill.1993).

The rule makes no distinction between filing secured claims and filing unsecured claims on behalf of creditors. This test makes no distinction whether Rule 3002(c) applies to secured claims, as it merely sets the time for which the 30 days starts to run under Rule 3004 in Chapter 13 cases. The reference to Rule 3002(c) simply provides a date from which 30 days is added to establish the deadline for the debtor to file its claim.

Thus, the debtor or the trustee may file a claim for any creditor who has not filed a claim by the time of the first meeting of creditors, but the debtor or trustee must do so within 120 days of that date (up to 30 days after the 3002(c) deadline). *See* Advisory Committee note to 1987 amendments, Fed. R.Bankr.P. 3004 (1992); *In re Duarte*, 146 B.R. 958 (Bankr.W.D.Tex.1992).

Applying the test to the case at bar reveals the following results. No claim was filed by Avco by the first date set for the § 341 meeting of creditors.[19] Thus, the first tier was met. Second, the claim was filed by the debtor on behalf of Avco. The second tier was also met. As to the third requirement, the first date set for the 341 meeting of creditors was July 25, 1996. Ninety days from this date was October 23, 1996. Rule 3004 sets the deadline for the debtor to file a claim at thirty (30) days from this date. Thirty days from October 23, 1996 was November 22, 1996. Therefore, in order for the debtor to have filed a timely claim it must have filed the claim on behalf of Avco between July 25, 1996 and November 22, 1996. This was the debtor's "window of opportunity." The debtor filed this claim for Avco on December 16, 1996, approximately 24 days past the deadline allowed. The third part of the test, therefore, was not met and the claim cannot be allowed. *In re Danielson*, 981 F.2d 296 (7th Cir.1992) (affirming disallowance of claim filed after the expiration of the time provided in Rule 3004); *In re Davis*, 936 F.2d 771 (4th Cir.1991) (affirming disallowance of claim filed after the expiration of the time provided in Rule 3004); *In re Mosely*, 157 B.R. 490 (Bankr.N.D.Okla.1993); *In re Martin*, 130 B.R. 349 (Bankr.M.D.Fla. 1991).

Debtor advances several policy arguments why debtors should be able to file claims on

---

**17.** Fed.R.Bankr.P. 3004.

**18.** The rule states "... the time for filing claims prescribed by Rule 3002(c) or Rule 3003(c), whichever is applicable." Rule 3003 only applies in Chapter 9 and 11 cases. Fed.R.Bankr.P. 3003(a). Rule 3002(c) governs the filing of claims (secured and unsecured) by creditors (*See* n. 7, supra) in Chapter 7 liquidations, Chapter 12

family farmer debt adjustment, and Chapter 13 individual debt adjustment cases. Since this is a Chapter 13 case, 3002(c) applies. *See In re Macias*, 195 B.R. 659 (Bankr.W.D.Tex.1996).

**19.** In fact, Avco has never filed a claim in this case.

behalf of creditors. The Court agrees that allowing debtors to file claims on behalf of non-participating creditors is more beneficial to debtors giving "the debtor the full benefit of the bankruptcy code".[20] The Court notes that one of the principal reasons debtors were given the right to file claims on behalf of creditors was not for the benefit of creditors, but more for the protection of debtors.[21] However, Congress and the Supreme Court have provided the procedural mechanism for the debtors to use in these situations. Courts may not disregard the time limits of this mechanism in the name of equity. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (the time limits in the Code and Rules must be enforced).[22] *See In re Turner,* 157 B.R. 904 (Bankr.N.D.Ala.1993) (court must observe procedural requirements of the Rules regarding deadlines for the filing of proof of claims), *aff'd sub nom United States of America v. Owens,* CV 93–B–2337–E (N.D.Ala. May 23, 1995). "Since the amended Rule 3004 took effect, however, the courts have strictly construed the bar date of Rule 3004, as they have other bar dates in bankruptcy." *In re Davis,* 936 F.2d 771 (4th Cir.1991) citing *In re Kloeble,* 112 B.R. 379, 382 (Bankr.S.D.Cal.1990); *In re Zimmerman,* 114 B.R. 439, 440 (Bankr.W.D.Pa.1990); and *In re King,* 90 B.R. 155, 157 (Bankr. E.D.N.C.1988) (strict compliance even when equities of the situation favor the debtor). The debtor had 120 days to file her claim on

behalf of Avco. Debtor could have avoided any harmful result from not filing had she acted within the time allotted in the Rules. If she had acted within the 120 day "window of opportunity," this claim would be allowed. Indeed, debtor has every incentive to file a claim for a non-filing creditor early rather than late in the case, as such claim would help in the formulation of a feasible plan. However, in the present case, the debtor did not act timely.

■ The potential harsh result of a strict application of the Rule 3004 deadline is mitigated through the use of Rule 9006. *In re Davis,* 936 F.2d 771 (4th Cir.1991). Rule 9006(b) establishes a procedure whereby debtors or trustees can extend the time allowed to file claims. Rule 9006(b) allows the Court to extend the bar date for certain actions required by the Rules, including the filing of claims by the debtor or trustee on behalf of the creditor.[23] In fact, only debtors or trustees may take advantage of this court authorized extension. Rule 3004 is not one of the rules listed under the "enlargement not permitted" or "enlargement limited" exceptions to Rule 9006(b). *See* Rule 9006(b)(2), (3); *In re Lahman,* 1993 WL 556750 (Bankr.D.Colo.1993). Thus, if a debtor or trustee fails to file a claim for a creditor within the time provided by Rule 3004, they may request an extension after the fact, if the debtor or trustee can establish cause and demonstrate excusable neglect. Rule

---

**20.** Debtor's brief at p. 6. *See also* the Advisory Committee note, Rule 3004, Fed.R.Bankr.P. (1992); *In re Duarte,* 146 B.R. 958 (Bankr. W.D.Tex.1992).

**21.** *See* H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 352 (1977); S.Rep. No. 95–989, 95th Cong. 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

**22.** Taylor reserved the question whether § 105(a) grants courts the authority to extend deadlines. However, as discussed infra, the debtor has not requested an extension of the deadline imposed by Rule 3004.

**23.** Fed.R.Bankr.P. 9006(b) provides: Enlargement.

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within

a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request made therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) Enlargement Not Permitted. The court may not enlarge the time for taking action under Rule 1007(d), 1017(b)(3), 2003(a) and (d), 7052, 9023, and 9024.

(3) Enlargement Limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

9006(b)(1).[24] *See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).[25] Creditors are not afforded the same opportunity for extension. Rule 9006(b)(3); *In re Macias,* 195 B.R. 659 (Bankr.W.D.Tex.1996) (only debtor and trustee have the ability to extend the time limit). Creditors are limited to the narrow exceptions provided in Rule 3002(c). *In re Duarte,* 146 B.R. 958 (Bankr.W.D.Tex.1992).

Based upon the conclusions of law as stated above, it is, therefore, ORDERED that the trustee's objection to claim # 10 filed by the debtor on behalf of Avco is sustained.

---

**24.** It should be noted that mere inattention to the claims process will not constitute excusable neglect under Rule 9006. Debtor would "have a heavy burden to meet in order to establish cause and excusable neglect in order to file a claim for a creditor after the deadline imposed by 3004." *In re Duarte,* 146 B.R. 958 (Bankr.W.D.Tex. 1992); *In re Davis,* 936 F.2d 771 (4th Cir.1991) (debtor must show circumstances beyond the reasonable control of the person whose duty it is to perform and a lack of due diligence in checking the claims register in a timely fashion is not sufficient); *In re Danielson,* 981 F.2d 296 (7th Cir.1992) (inattention to the case, unwarranted assumptions, sloth, ignorance, and other negligence does not qualify as excusable neglect.).

**25.** The *Pioneer Investment* case involved a creditor attempting to file a late proof of claim. Rule 9006(b)(1) applied because it was a Chapter 11 case, and the bar date was governed by Rule 3003 rather than Rule 3002.