In re Jerry Lynwood **BRANCH**, Debtor.

**Bankruptcy No. 5–97–00384–13.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

Feb. 9, 1998.

832

Helen P. Parrish, Charlottesville, VA, Chapter 13 Trustee.

Grant A. Richardson, Bridgewater, VA, for American General Finance.

Rebecca B. Connelly, Lexington, VA, for Debtor.

## DECISION AND ORDER

ROSS W. KRUMM, Chief Judge.

The matter before the court for decision is an objection by the Chapter 13 trustee (herein the Trustee) to the secured claim of American General Finance (herein AGF). A hearing was held on the Trustee's objection in Staunton, Virginia, on November 20, 1997. The Trustee appeared and counsel for American General Finance appeared having filed a responsive pleading. Debtor's counsel was present at the hearing but did not participate on behalf of the debtor except to make a proffer of evidence concerning the debtor's filing of a proof of claim on behalf of AGF. Both AGF and the Trustee filed written briefs in support of their respective positions after the hearing and the matter is now ripe for decision. The issue before the court is whether a late proof of claim filed by the debtor on behalf of AGF is allowable so that the Trustee can pay AGF as a secured creditor pursuant to the terms of the confirmed Chapter 13 plan of the debtor. For the reasons set forth in this decision and order, the Trustee's objection will be sustained.

### Facts

The facts relevant to a decision in this case are not in dispute. On March 13, 1997, the debtor filed a Chapter 13 proceeding in the Harrisonburg Division of the United States Bankruptcy Court. Upon filing by the debtor, the clerk of the bankruptcy court issued the form notice of commencement of a case under Chapter 13 utilized throughout the Western District of Virginia. This notice went to all creditors on the debtor's mailing matrix and included AGF. Relevant to this proceeding, the notice of commencement of case states:

> PROOF OF CLAIM. Except as otherwise provided by law, in order to share in any payment from the estate, a creditor must file a proof of claim by the date set forth above in the box labeled 'Deadline to File a Proof of Claim.' The place to file the proof of claim, either in person or by mail, is the office of the clerk of the bankruptcy court. Proof of claim forms are available in the clerk's office of any bankruptcy court.

As set forth in the notice of commencement of the case, the deadline for creditors other than governmental units to file a proof of claim was July 7, 1997. AGF has never filed a proof of claim in this Chapter 13 proceeding. However, on August 29, 1997, pursuant to Federal Rule of Bankruptcy Procedure 3004, the debtor filed a claim on behalf of AGF as a secured creditor in the amount of $1,000.00 (herein Claim No. 8). Thus, Claim No. 8 was filed 23 days after the deadline for the debtor to file a claim on behalf of the creditor.[1]

---

1. Rule 3004. If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith mail notice of the

On September 19, 1997, the Trustee objected to Claim No. 8 utilizing the standard objection to claim form utilized in this district. This form is divided into two parts. The first half of the form is the objection to claim portion which is filled out by the objecting party, in this case the Trustee. The second half of the form is a notice and order for hearing. The objection to claim portion of the form is filled out by the objecting party, filed with the court, and the clerk then tenders the form to the judge designated to hear the case for entry of the notice and order for hearing. In relevant part, the notice and order for hearing states as follows:

> It appearing to the Court proper so to do, it is **ORDERED** that claimants shall have **TWENTY (20)** days from the date of this order to file with the United States Bankruptcy Court at the address shown below, *AND SERVE UPON THE TRUSTEE AT THE ADDRESS GIVEN ABOVE*, a written response to said objection(s), and, absent same, claimant shall be in default and the Trustee may tender an Order sustaining the objection without further notice or hearing.
>
> If claimant timely files a response to the Trustee's objections and requests a hearing upon same, a hearing shall be held in the Circuit Courtroom, 2nd Floor, City Hall, Staunton, Virginia, on November 20, 1997, at 10:00 o'clock, a.m., upon the Trustee's objection to claim and claimants response thereto. The claimant must be present in person, or represented by counsel at said hearing.

The notice and order for hearing was dated October 2, 1997, and, upon its entry, a copy of the form was delivered by the clerk to the trustee for service on the respondents. In this case, the Trustee served a copy of the notice and order for hearing on American General Finance and the debtor on October 6, 1997. *See Docket Entry No. 28.*

The notice and order for hearing allows the respondents a period of 20 days from the date of the order to file with the court and serve upon the trustee a written response to the trustee's objections. The debtor never

filed any responsive pleading to the Trustee's objection to claim. AGF filed its responsive pleading with the court on October 23, 1997, one day after the deadline for filing of such responsive pleading.

### *Discussion*

The Trustee's position is that Bankruptcy Rule 3004 permits the debtor to file, on behalf of a creditor, a proof of claim within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c). It is the Trustee's position that once the time period provided by Rule 3004 expires, the claim is not allowable.

AGF takes the position that the debtor provided in a Chapter 13 plan for payment of the secured debt in the amount of $1,000.00 and upon confirmation, the debtor, as well as the creditor is bound by the terms of the plan, notwithstanding the fact that there has been no timely filed proof of claim. In short, AGF argues that regardless of its failure to comply with the requirements for filing a proof of claim as set forth in the notice of commencement of case, it is entitled to be paid pursuant to the terms of the confirmed plan. The Trustee, however, cites Federal Rule of Bankruptcy Procedure 3021 which states, in relevant part, "after confirmation of a plan, distribution shall be made to creditors whose claims have been allowed ..." Thus, the Trustee believes that in order for a secured creditor to be paid pursuant to the terms of a confirmed plan, the secured creditor must file a proof of claim under 11 U.S.C. § 501(a) or a debtor must file a proof of claim on behalf of the creditor under 11 U.S.C. § 501(c) in order for there to be an allowance of the claim under 11 U.S.C. § 502(a) of the Code unless there is an objection under 11 U.S.C. § 502(b) of the Code. 11 U.S.C. § 502(b)(9) provides that a claim cannot be allowed if "a proof of such claim is not timely filed."

Both AGF and the debtor are in default under the terms of the notice and order for hearing of this court dated October 2, 1997. Responsive pleadings were due by October

filing to the creditor, the debtor and the trustee. A proof of claim filed by a creditor pursuant to

Rule 3002 or Rule 3003(c), shall supersede the proof filed by the debtor or trustee.

22, 1997. The debtor never filed a responsive pleading and AGF's responsive pleading was filed with the court on October 23, 1997.[2] However, the Trustee has not raised the issue of default and has elected to proceed on the merits of the objection. Therefore, this court will address the merits of the case.

■ This case is determined by an analysis of the applicability of Federal Rule of Bankruptcy Procedure 3004 to the facts of the case. *In re Ford*, 205 B.R. 960, 964 (Bankr.N.D.Ala.1996) states the issue: "The issue confronting the court is if a debtor files a claim for a creditor, must it do so within the time limit imposed by the Rules." *Ford* also states the result which is applicable to the case at bar:

Congress and the Supreme Court have elected to treat the filing of claims by debtors and trustees separate and distinct from the filing of claims by creditors.... The 1987 amendment to Rule 3004 defined a reasonable time to be thirty days.... As the Supreme Court has set definite time limits within which the debtor may file claims for creditors who fail to file claims, this court cannot adopt the approach suggested by the debtor. It must follow the mandates of Rule 3004 prescribed by the Supreme Court which include time limitations.

As stated in *Ford*, there are three component parts of Bankruptcy Rule 3004:

1. The creditor must not have filed a claim on or before the date set for the meeting of creditors called pursuant to section 341(a) of the Code.

2. The claim must be filed by the debtor in the name of the creditor.

3. The claim must be filed within 30 days of the time set forth in Rule 3002(c). In terms of the number of days, *Ford* computes the time to be 120 days after the first date set for the section 341 meeting. This breaks down into the 90–day period set forth in Rule

3002(c) and the 30–day rule set forth in Rule 3004. Finally, the *Ford* court notes: "The rule makes no distinction between filing secured claims and filing unsecured claims on behalf of creditors." *Id.* at 965. *Ford* also notes that Congress and the Supreme Court "have provided the procedural mechanism for the debtors to use in these situations. Courts may not disregard the time limits of this mechanism in the name of equity." *Id.* at 966.

■ In the case at bar, AGF argues that there is "excusable neglect" which should permit the late filing of a claim in this case. However, at the hearing in Staunton, Virginia, debtor's counsel proffered to the court that the debtor discovered, after the claims filing date expired, that AGF failed to file a secured claim in the proceeding and that the debtor, through his counsel, filed the late claim on behalf of AGF as an after thought. In short, there was no demonstration of excusable neglect by the debtor in connection with the filing of the late claim. Also, as noted in the *Ford* case, "creditors are not afforded the same opportunity for extension (on the basis of excusable neglect) as are debtors." *See* Rule 9006(b)(3). *See also In Re Macias*, 195 B.R. 659 (Bankr.W.D. Texas 1996). Only the debtor and the trustee have the ability to extend the time limit of Rule 3004, Also, AGF cannot prove excusable neglect under Rule 3002(c). First, it never filed a late claim in this case and it cannot rely on the debtor's late claim on its behalf in order to argue excusable neglect under Rule 3002(c) and Rule 9006(b)(3). This is not a Rule 3002(c) case. Second, even if AGF could argue excusable neglect in this case, it provided the court with no evidence to show it. At oral argument, its counsel argued that AGF was entitled to rely on the plan provisions in order to be paid. This does not establish any excusable neglect for failure to timely file a proof of claim.

**2.** AGF may argue that Bankruptcy Rule 9006(f) applies to give it additional time for mailing of its responsive pleading. However, that rule is not applicable to the October 2, 1997 order because the wording of the order does not utilize "service" as the trigger point for commencement of

the 20–day time period. The order requires "filing with the court" and service upon the trustee. While service upon the trustee might be subject to Rule 9006(f), the requirement that the response be filed with the court is not.

835

*Conclusion*

The debtor in the case at bar failed to file a timely proof of claim pursuant to Federal Rule of Bankruptcy Procedure 3004. AGF, the secured creditor, never filed a proof of claim in the proceeding. Accordingly, under 11 U.S.C. § 502(b), the tardy proof of claim filed by the debtor on behalf of AGF is not timely and not allowable. As set forth in *Macias, supra,* "a creditor who elects not to file a claim elects also not to be paid under the plan." *Macias* at 662.[3] The reasoning and holding of the *Ford* decision are persuasive to this court in this case.

Accordingly, it is

**ORDERED:**

That the Trustee's objection to Claim No. 8 in the above-captioned proceeding filed by the debtor on behalf of American General Finance Co. be, and it hereby is **SUSTAINED** and Claim No. 8 is **DISALLOWED.**

---

**3.** In addition to the reasons set forth in the *Ford* case, practical reasons for the ruling in this case can be found in the *Macias* decision. *Macias* at 661.